**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In Re: Equifax Fair Credit Reporting Act Litigation | No. 1:22-cv-3072-LMM |

**ORDER**

This matter comes before the Court on Plaintiffs' Motion to Appoint Interim Class Counsel, Dkt. No. [21]; Motion of Plaintiff Derrick Rogers for Appointment of Girard Sharp LLP as Interim Lead Class Counsel and Skaar & Feagle, LLP as Liaison Counsel, Dkt. No. [22]; Application of Gibbs Law Group LLP, DiCello Levitt LLC and Caplan Cobb LLC for Appointment as Interim Counsel, Dkt. No. [29]; and Plaintiff Leahy's Motion in Support of the Appointment of Interim Lead Counsel, Dkt. No. [33]. The Court held a hearing on the pending motions on October 12, 2022. See Dkt. No. [52]. After considering the briefs and arguments of counsel, the Court enters the following Order.

1

## I. Appointment of Interim Lead Counsel

The Court appoints Dena Sharp of Girard Sharp LLP, David Berger of Gibbs Law Group LLC, and Amy Keller of DiCello Levitt LLC as Interim Lead Counsel under Rule 23(g) of the Federal Rules of Civil Procedure. Consistent with the Manual for Complex Litigation, Fourth, §§ 10.221 and 40.22, Interim Lead Counsel shall have the authority to perform or delegate the following tasks on behalf of all Plaintiffs in the Consolidated Action:

a) directing, coordinating, and supervising the prosecution of Plaintiffs' claims in this Consolidated Action;

b) preparing, structuring, and presenting pretrial and other case management orders;

c) convening meetings of counsel;

d) communicating with defense counsel;

e) initiating, responding to, scheduling, briefing, and arguing all motions;

f) appearing at all hearings and conferences regarding the case;

g) determining the scope, order, and conduct of all discovery proceedings;

h)     assigning work to Plaintiffs' counsel in this action, as necessary and appropriate;

i)     retaining experts;

j)     conducting settlement negotiations on behalf of named Plaintiffs and the class;

k)     entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

l)     preparing and distributing status reports to any other law firms that might seek to represent the proposed class;

m)     collecting and reviewing time and expense records from Plaintiffs' counsel on a regular basis, or as provided for under any Court-approved protocol;

n)     coordinating activities to avoid duplication and inefficiency in the filing, serving, and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and generally in the litigation;

o)     coordinating discovery and briefing of common legal issues, and if appropriate, settlement approval proceedings; and

p)      performing such other duties that may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court.

## II.      Appointment of Liaison Counsel

The Court appoints Michael Caplan of Caplan Cobb LLC as Liaison Counsel under Rule 23(g) of the Federal Rules of Civil Procedure. Liaison Counsel shall have the following duties:

a)      maintain and distribute to co-counsel and to Defendant's liaison counsel an up-to-date service list;

b)      receive and, as appropriate, distribute to co-counsel orders from the court and documents from opposing parties and counsel;

c)      maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository;

d)      establish and maintain a document depository; and

e)      perform such other duties that may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by Co-Lead Counsel.

### III. Additional Matters

#### A. Time and Expense Protocol

The Court preliminarily approves the Time and Expense Reporting Protocol to be followed by all counsel for Plaintiffs attached as Exhibit C to Plaintiff Rogers's motion, Dkt. No. [22-3]. Any counsel objecting to that protocol shall file an objection with the Court within **14 days** of the date of this Order.

#### B. Work Performed by Other Plaintiffs' Counsel

Interim Lead Counsel is authorized to draw upon the experience and resources of Candace Smith of Herman Jones LLP, Levi & Korsinsky, LLP, and other counsel in the litigation as Interim Lead Counsel deems necessary and appropriate to advance the interests of Plaintiffs and the Class.

#### C. Settlement Discussions

Any discussions of a settlement of this litigation shall be conducted by Interim Co-Lead Counsel.

#### D. Later Consolidated Cases

This Order applies to this consolidated action and all subsequently consolidated actions. Interim Lead Counsel will serve a copy of this Order on counsel for Plaintiffs in any related action not yet consolidated.

## IV. Conclusion

Plaintiffs' Motion to Appoint Interim Class Counsel, Dkt. No. [21], is **DENIED**; Motion of Plaintiff Derrick Rogers for Appointment of Girard Sharp LLP as Interim Lead Class Counsel and Skaar & Feagle, LLP as Liaison Counsel, Dkt. No. [22], is **GRANTED IN PART and DENIED IN PART**; Application of Gibbs Law Group LLP, DiCello Levitt LLC and Caplan Cobb LLC for Appointment as Interim Counsel, Dkt. No. [29], is **GRANTED IN PART and DENIED IN PART**; and Plaintiff Leahy's Motion in Support of the Appointment of Interim Lead Counsel, Dkt. No. [33], is **GRANTED IN PART and DENIED IN PART**. Any counsel objecting to the Time and Expense Reporting Protocol to be followed by all counsel for Plaintiffs, Dkt. No. [22-3], **SHALL** file an objection with the Court within **14 days** of the date of this Order.

**IT IS SO ORDERED**, this 14th day of October, 2022.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE