THE FOLLOWING IS THE P.D.F. OF AN OFFICIAL TRANSCRIPT.
OFFICIAL TRANSCRIPTS MAY ONLY BE FILED IN CM/ECF BY THE
OFFICIAL COURT REPORTER AND WILL BE RESTRICTED IN CM/ECF FOR A
PERIOD OF 90 DAYS.  YOU MAY CITE TO A PORTION OF THE ATTACHED
TRANSCRIPT BY THE DOCKET ENTRY NUMBER, REFERENCING PAGE AND
LINE NUMBER, ONLY AFTER THE COURT REPORTER HAS FILED THE
OFFICIAL TRANSCRIPT.  HOWEVER, YOU ARE PROHIBITED FROM
ATTACHING A FULL OR PARTIAL TRANSCRIPT TO ANY DOCUMENT FILED
WITH THE COURT.

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION



IN RE: EQUIFAX FAIR CREDIT    )
REPORTING ACT LITIGATION      )
                              )
                              )        DOCKET NUMBER
                              )        1:22-CV-3072-LMM
                              )
                              )          ATLANTA, GEORGIA
                              )         SEPTEMBER 17, 2024
                              )
                              )
_____)


         TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS
           BEFORE THE HONORABLE LEIGH MARTIN MAY,
                UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE PLAINTIFF:          DENA SHARP
                            GIRARD, SHARP, LLP
                            SAN FRANCISCO, CALIFORNIA  94108

                            BRANDON WADDELL
                            CAPLAN, COBB, LLP
                            ATLANTA, GEORGIA  30309

FOR THE DEFENDANT:          ZACHARY MCENTYRE
                            KING & SPALDING, LLP
                            ATLANTA, GEORGIA  30309



           MECHANICAL STENOGRAPHY OF PROCEEDINGS
         AND COMPUTER-AIDED TRANSCRIPT PRODUCED BY

OFFICIAL COURT REPORTER:    MONTRELL VANN, RPR, RMR, RDR, CRR
                            2160 UNITED STATES COURTHOUSE
                            75 TED TURNER DRIVE, SOUTHWEST
                            ATLANTA, GEORGIA  30303
                            (404)215-1549
```

1    *(IN ATLANTA, FULTON COUNTY, GEORGIA, SEPTEMBER 17, 2024,*
2    *IN JUDGE'S CONFERENCE ROOM.)*
3             THE COURT:  SO WE ARE HERE IN CASE NUMBER
4    1:22-CV-3072, MAURICE MOORE, ET AL. VS. EQUIFAX.  AND WE HAVE A
5    LARGE NUMBER OF LAWYERS TODAY, SO I DON'T KNOW THAT WE HAVE TO
6    GET EVERYONE'S APPEARANCE ON THE RECORD, BUT I THINK APPEARING
7    FOR LEAD COUNSEL TODAY, I'LL GET BOTH OF YOUR APPEARANCES.  SO
8    FOR THE PLAINTIFF?
9             MS. SHARP:  DENA SHARP FOR THE CLASS PLAINTIFFS.
10            THE COURT:  OKAY.  AND FOR THE DEFENDANT?
11            MR. MCENTYRE:  ZACK MCENTYRE FOR EQUIFAX INFORMATION
12   SERVICES AND EQUIFAX, INCORPORATED.
13            THE COURT:  OKAY.  EVERYONE'S BEEN MEETING TODAY ON A
14   VARIETY OF DISCOVERY ISSUES, AND SO THERE'S BEEN A CONFERENCE,
15   AND THE PARTIES HAVE REACHED SOME PRELIMINARY AND FINAL
16   AGREEMENT.  SO THIS IS A PART OF THE DAY WHERE THEY'RE GOING TO
17   REPORT IN WHERE THEY ARE AND KIND OF WHAT AGREEMENTS THEY'VE
18   REACHED.  SO I'LL JUST TURN IT OVER TO YOU GUYS.
19            MS. SHARP:  THANK YOU, YOUR HONOR.  WE'RE GOING TO
20   BEGIN WITH THE DISCOVERY DISPUTE THAT BROUGHT US HERE TODAY
21   INITIALLY WHICH IS R.P. 3, AND MR. WADDELL WILL WALK THROUGH
22   WHAT I BELIEVE IS THE STIPULATED AGREEMENT.  WE'VE PASSED SOME
23   LANGUAGE BACK AND FORTH.  AND THEN WE'LL MARCH THROUGH A
24   HANDFUL OF DATES THAT WE'VE AGREED ON IN THE NEXT MONTH OR SO,
25   AND THEN DISCUSS WITH THE COURT WHAT WE ANTICIPATE COMING NEXT,

| | |
|---|---|
| 1 | IF THAT'S ACCEPTABLE. |
| 2 | THE COURT: OKAY. THAT'S FINE. AND IF YOU'RE GOING |
| 3 | TO SPEAK TODAY, JUST SAY YOUR FULL NAME BEFORE YOU START |
| 4 | SPEAKING SO WE'LL HAVE THAT ON THE RECORD. |
| 5 | MR. WADDELL: THANK YOU, YOUR HONOR. BRANDON WADDELL |
| 6 | ON BEHALF OF PLAINTIFFS. THE PARTIES HAVE AGREED, WITH RESPECT |
| 7 | TO PLAINTIFF'S DISPUTE AS TO THE THIRD REQUEST -- THEIR THIRD |
| 8 | SET OF REQUEST FOR PRODUCTION, THAT EQUIFAX WILL PRODUCE |
| 9 | DOCUMENTS RESPONSIVE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR |
| 10 | PRODUCTION FOR FOUR YEARS PRIOR TO THE INCIDENT. PLAINTIFFS |
| 11 | RESERVE THE RIGHT TO SEEK DOCUMENTS RELATED TO THE INCIDENTS |
| 12 | THAT OCCURRED BEFORE THIS. PERIOD FOR REQUESTS 52, 55 THROUGH |
| 13 | 56, 59 THROUGH 60, 63 THROUGH 66, AND 68 THROUGH 70, EQUIFAX'S |
| 14 | INITIAL PRODUCTION WILL BE LIMITED TO INCIDENT ANALYSIS |
| 15 | REPORTS, OR SIMILAR SUMMARY LEVEL REPORTS THAT REFLECT THE |
| 16 | ISSUES IDENTIFIED IN THOSE REQUESTS. THE PARTIES WILL MEET AND |
| 17 | CONFER REGARDING ANY ADDITIONAL DOCUMENTS, INCLUDING |
| 18 | COMMUNICATIONS RELATED TO ANY INCIDENT REFLECTED IN THESE |
| 19 | DOCUMENTS. |
| 20 | THE COURT: OKAY. THANK YOU. SO WHAT DID Y'ALL WANT |
| 21 | TO TALK ABOUT NEXT? |
| 22 | MR. MCENTYRE: WE AGREE, YOUR HONOR, YES. |
| 23 | MS. SHARP: THAT'S WELCOMED SILENCE. ALL RIGHT. |
| 24 | OKAY. SO WITH APOLOGIES TO THE COURT REPORTER, I DO HAVE A |
| 25 | NUMBER OF DATES TO MARCH THROUGH AND THE PARTIES' AGREEMENTS. |

```
 1   WE'VE TALKED THROUGH THESE AS WELL, BUT I WELCOME MY COLLEAGUES
 2   TO JUMP IN ON THE PLAINTIFFS' SIDE OR THE DEFENSE SIDE IF I GET
 3   ANY OF THIS WRONG.  BY SEPTEMBER 20, EQUIFAX WILL LET
 4   PLAINTIFFS KNOW IF CREDIT KARMA SCORES CAN BE RE-CREATED.  IF
 5   SO, EQUIFAX WILL RECREATE THEM FOR THE NAMED PLAINTIFFS AND FOR
 6   INDIVIDUALS IDENTIFIED IN THE JULY 10 LETTER.  IN THE LATTER
 7   CASE, EQUIFAX WILL INVESTIGATE FURTHER WHEN THEY WILL BE IN A
 8   POSITION TO PRODUCE THAT INFORMATION.
 9        ALSO, ON SEPTEMBER 20TH, EQUIFAX WILL PROVIDE A CHASE
10   CUSTODIAN.  ALSO, SEPTEMBER 20TH, EQUIFAX WILL CONFIRM THAT
11   THEY HAVE PROVIDED ALL RELEVANT CUSTODIANS.  SEPTEMBER 20
12   STILL, EQUIFAX WILL PROVIDE A LIST OF MAINTENANCE OR UPDATES
13   AND PATCHES MADE TO THE OPERATING SYSTEM FOR LEGACY SERVER
14   SUBJECT TO THE PROTECTIVE ORDER FOR TWO YEARS.  ALSO, ON
15   SEPTEMBER 20TH, PLAINTIFFS WILL PROVIDE FURTHER SEARCH TERMS TO
16   EQUIFAX.  BY SEPTEMBER 27TH, TWO ITEMS.  ONE, EQUIFAX WILL
17   PROVIDE INFORMATION ON THE GRANT THORTON ACCOUNTS AS DISCUSSED
18   IN PLAINTIFF'S AUGUST 16 LETTER.  TWO, EQUIFAX WILL LET
19   PLAINTIFFS KNOW IF ORD CHARDS (PHONETIC) OR SIMILAR INFORMATION
20   CAN BE PRODUCED.  BY OCTOBER 1, TWO ADDITIONAL ITEMS.  ONE,
21   EQUIFAX WILL PRODUCE DOCUMENTS REFLECTING DISCUSSIONS BY OR
22   PRESENTATIONS TO EQUIFAX'S BOARD OF DIRECTORS OR ANY OF ITS
23   COMMITTEES REGARDING THE MISREPORTING ISSUE.  TWO, OCTOBER 1 IS
24   THE DEADLINE FOR THE PARTIES TO COMPLETE THEIR
25   MEET-AND-CONFER ON SEARCH TERMS AND CUSTODIANS WITH A FEW
```

1  CAVEATS.  ONE, THAT THE PARTIES UNDERSTAND THAT THERE ARE TWO
2  CUSTODIANS WHOSE FILES WILL TRAIL OCTOBER 1ST, AND THE PARTIES
3  HAVE AGREED IN GOOD FAITH TO CONFER ABOUT THOSE CUSTODIANS AND
4  ANY EFFECT THEY MAY HAVE ON OTHERWISE AGREED SEARCH TERMS AND
5  CUSTODIANS.
6  　　　　THE SECOND CAVEAT ON THAT ONE IS THAT WE WOULD LIKE TO
7  REQUEST, IF THE PARTIES DO REACH IMPASSE ON ANY SEARCH TERMS OR
8  CUSTODIANS THAT WILL IMPEDE THE PRODUCTIONS AND OUR ABILITY TO
9  PROCEED BEFORE THE NEXT STATUS CONFERENCE, IF WE COULD ASK FOR
10 LEAVE TO NOTIFY MS. POLEY, SEND AN E-MAIL AND ASK FOR A QUICK
11 ZOOM HEARING.  WE WOULD HOPE WE CAN CLEAR ANY UNDERBRUSH THAT
12 WAY, IF THAT'S ACCEPTABLE TO THE COURT.
13 　　　　　　　THE COURT:  IT IS.
14 　　　　　　　MS. SHARP:  GREAT.  THANK YOU.  ALL RIGHT.  IN THE
15 WEEK OF OCTOBER 14, EQUIFAX HAS OFFERED A DATE FOR A 30(B)(6)
16 DEPOSITION RELATING TO THE IMPACT ANALYSIS.  THE PLAINTIFFS ARE
17 TAKING THAT INTO CONSIDERATION AND WILL GET BACK TO EQUIFAX.
18 WITHIN 30 DAYS OF PLAINTIFFS PROVIDING PERSONAL IDENTIFYING
19 INFORMATION TO EQUIFAX, EQUIFAX WILL PROVIDE SCORE SHIFT
20 ANALYSIS INFORMATION FOR THE ADDITIONAL FEW INDIVIDUALS
21 IDENTIFIED IN PLAINTIFF'S JULY 10, 2024 LETTER.  SO THOSE ARE
22 THE AGREEMENTS.  I THINK ONE FURTHER POINT THAT, AT LEAST FOR
23 THE PLAINTIFFS, WE WANT TO EMPHASIZE, IS THAT WE'VE TAKEN A
24 HARD LOOK AT THE CASE CALENDAR.  WE KNOW THE CLOSE OF FACT
25 DISCOVERY IS MARCH 15, 2025.  WE HAVE A WHOLE LOT OF WORK TO DO

1  TO FINISH DISCOVERY.  AND THE PARTIES, I THINK, HAVE VERY
2  PRODUCTIVELY DISCUSSED WHAT THEY CAN DO TODAY TO REACH THAT
3  GOAL AND THAT DEADLINE, AND SO WE WANT TO KEEP DRIVING TO THAT
4  DEADLINE.  WE'RE SENSITIVE THAT A LOT NEEDS TO HAPPEN, BUT I
5  THINK WE'VE HAD A MEETING OF THE MINDS THAT WE WANT TO DO
6  EVERYTHING WE CAN TO ENSURE WE STAY WITH THAT SCHEDULE.  AND TO
7  THAT END, WE APPRECIATE THE COURT'S OFFER TO HAVE US COME VISIT
8  AGAIN AND HAVE SOMETHING SIMILAR TO THE VERY PRODUCTIVE SESSION
9  THAT WE'VE HAD TODAY, SUBJECT, OF COURSE, TO THE COURT'S
10 AVAILABILITY.  WE DO -- OCTOBER 29 AND 30TH, OCTOBER 29 IN THE
11 AFTERNOON, RIGHT, ZACK?
12          MR. MCENTYRE:  YEAH, THAT'S RIGHT.
13          MS. SHARP:  AND THEN OCTOBER 30, WE HAVE SOME
14 CONSTRAINTS ON OUR SIDE.  OF COURSE THAT'S SUBJECT TO THE
15 COURT'S AVAILABILITY.  WE TRIED FOR EARLIER IN OCTOBER BECAUSE
16 WE THINK THIS IS PRODUCTIVE, BUT THERE'S A LOT GOING ON.  SO I
17 DON'T KNOW IF THERE'S ANYTHING FURTHER RIGHT NOW FROM THE
18 PLAINTIFFS.  I GUESS ONE LAST POINT I'LL MAKE, AND THEN I'LL BE
19 QUIET MAYBE.  WE DID DISCUSS THAT WE HAVE COVERED IN OUR
20 MEET-AND-CONFERS LEADING UP TO TODAY AND TODAY WHAT WE ALL VIEW
21 AS THE MOST IMPORTANT PERCOLATING ISSUES.  THERE ARE OTHER
22 THINGS OUT THERE, BUT WE'VE AGREED THAT WE'RE SURFACING THESE.
23 NOBODY'S WAIVING ON ANY OF THOSE THINGS, BUT WE'RE NOT PRESSING
24 ON EQUIFAX TO COMPLY WITH ANY SORT OF LINGERING DISPUTES THAT
25 ARE OUT THERE RIGHT NOW, SO EVERYBODY IS RESERVING THEIR

1  RIGHTS, BUT I THINK WE'RE ALL APPROPRIATELY FOCUSED ON THE MAIN
2  ISSUES TODAY.
3          THE COURT:  OKAY.
4          MS. SHARP:  OKAY.
5          THE COURT:  MR. MCENTYRE, DID YOU WANT TO ADD
6  ANYTHING?
7          MR. MCENTYRE:  NO.  I AGREE WITH EVERYTHING MS. SHARP
8  SAID, AND I WILL REITERATE THAT EQUIFAX'S COMMITMENT TO TRYING
9  TO DO THE WORK WE NEED TO DO TO GET THROUGH FACT DISCOVERY ON
10 THE CURRENT SCHEDULE, AND IT WILL BE A LOT OF WORK, BUT WE ARE
11 ABSOLUTELY ENDEAVORING TO GET IT DONE.
12         THE COURT:  OKAY.  WELL, I'LL CHECK ON THOSE DATES
13 AND LET YOU KNOW.  IF THOSE DATES DON'T WORK, WE'LL FIGURE OUT
14 SOME OTHER DATES EVEN IF IT'S NOT -- WE DON'T NEED ALL OF YOU
15 GUYS.  WE CAN HAVE A SUBSET PROBABLY AND STILL HAVE A
16 PRODUCTIVE MEETING.  AND AS YOU MENTIONED, WE CAN DO OTHER
17 SMALLER MEETINGS ON ZOOM AS THINGS COME UP.  FROM MY
18 PERSPECTIVE WHAT I WANT TO SEE IS Y'ALL WHITTLE IT DOWN TO THE
19 IMPASSE, AND A TRUE KIND OF MEET-AND-CONFER PROCESS.  BUT IF
20 SOMETHING IS AT THAT IMPASSE, LITERALLY JUST SEND MS. POLEY AN
21 E-MAIL.  I DON'T NEED A WHOLE BUNCH OF STUFF.  I JUST NEED A
22 SUMMARY OF KIND OF WHAT'S HAPPENING, AND THEN WE CAN TALK
23 THROUGH IT ON A CALL, AND I'LL GET YOU THE TIME TO DO THAT.  IT
24 SHOULDN'T BE A PROBLEM.  SO I DO THANK YOU ALL FOR YOUR HARD
25 WORK TODAY.  IT'S ALWAYS NICE TO COME BACK UP HERE AND HAVE

8

| | |
|---|---|
| 1 | NOTHING THAT I HAVE TO DECIDE.  MAYBE YA'LL WERE AFRAID THAT |
| 2 | YOU WOULDN'T BE ALLOWED TO LEAVE THE ROOM UNTIL IT WAS ALL |
| 3 | WORKED OUT, GIVEN MY ADMONITION THAT YOU HAD TO BE PREPARED |
| 4 | FOR, I THINK IT WAS, FIVE HOURS OF WORK. |
| 5 |       MS. SHARP:  YES. |
| 6 |       THE COURT:  BUT I DIDN'T WANT SOMEONE TO HAVE A NOON |
| 7 | FLIGHT, AND THEN IT JUST DIDN'T GET ANYWHERE.  SO I DO |
| 8 | APPRECIATE THAT.  AND I THINK THESE MEETINGS AND HAVING THESE |
| 9 | DEADLINES REALLY DO FOCUS EVERYONE ON WHAT YOU SAID WAS |
| 10 | IMPORTANT.  LET'S JUST GET TO WHAT YOU GUYS REALLY NEED, AND |
| 11 | FIND OUT IF THERE'S A PROBLEM WITH IT, AND THEN WE'LL GO FROM |
| 12 | THAT.  SO I DON'T HAVE ANYTHING ELSE I NEED TO SAY UNLESS YOU |
| 13 | ALL HAVE ANYTHING YOU WANTED TO PUT ON THE RECORD.  OKAY. |
| 14 | WELL, WE CAN GO OFF THE RECORD. |
| 15 |       (OFF-THE-RECORD DISCUSSION.) |
| 16 |       (PROCEEDINGS ADJOURNED.) |

C E R T I F I C A T E

UNITED STATES OF AMERICA

NORTHERN DISTRICT OF GEORGIA

    I, MONTRELL VANN, RPR, RMR, RDR, CRR, OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT, FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA, DO HEREBY CERTIFY THAT THE FOREGOING 8 PAGES CONSTITUTE A TRUE TRANSCRIPT OF PROCEEDINGS HAD BEFORE THE SAID COURT, HELD IN THE CITY OF ATLANTA, GEORGIA, IN THE MATTER THEREIN STATED.

    IN TESTIMONY WHEREOF, I HEREUNTO SET MY HAND ON THIS, THE 24TH DAY OF SEPTEMBER 2024.

                                          /S/ MONTRELL VANN
                                          MONTRELL VANN, RPR, RMR, RDR, CRR
                                          OFFICIAL COURT REPORTER
                                          UNITED STATES DISTRICT COURT