**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: EQUIFAX FAIR CREDIT REPORTING ACT LITIGATION | CIVIL ACTION NO.: 1:22-CV-3072 LMM |

## JOINT MOTION TO MODIFY SCHEDULING ORDER

Plaintiffs and Defendants jointly move the Court for an order modifying the Scheduling Order in this case, showing the Court as follows.

### INTRODUCTION

Discovery in this action formally commenced on September 11, 2023. This Court entered a scheduling order on October 23, 2023, setting an initial date for the close of fact discovery on July 15, 2024. *See* dkt. 136. The Court amended the scheduling order on July 8, 2024 and again on March 5, 2025. *See* dkts. 199, 222. The current deadline for the close of fact discovery is August 15, 2025. *Id.* While much work remains to be completed, the parties have made sufficient progress and narrowed the remaining issues sufficiently that they are confident the additional extension sought herein will permit them to complete discovery and brief class certification and any dispositive motions.

Since their last update to the Court, the parties have continued to meaningfully engage in discovery. Plaintiffs have completed their document productions, including in response to Equifax's May 30, 2025 requests, and have

1

produced documents and responded to all outstanding requests on behalf of Michael Rodela, whom Plaintiffs propose as an additional Plaintiff. Equifax has also made additional document productions, and while the parties are still conferring regarding some issues raised by Plaintiffs, Equifax's productions are substantially complete.

In addition, Plaintiffs have taken two fact depositions of Equifax employees and a partial Rule 30(b)(6) deposition of Equifax. And by August 15, the parties anticipate having scheduled dates for the remainder of Equifax's Rule 30(b)(6) deposition and nine additional current and former Equifax employees—all to be taken by the end of October 2025. Additionally, Plaintiffs have made significant progress on third-party discovery, having served and obtained responses to more than a dozen third-party financial services providers. Plaintiffs have engaged with several of these third parties in extensive meet and confers, which they expect will result in final productions of responsive documents in the very near future and allow for evaluation of whether Plaintiffs will depose any witnesses from these third parties. For its part, Equifax has completed the deposition of Plaintiff Maurice Moore and will take the depositions of Plaintiff Sarah Hunter and Mr. Rodela within the next week. Equifax has also obtained discovery from numerous third parties to date.

Additionally, as a compromise to address a series of disputes related to Plaintiffs' discovery requests, the parties have been working with a jointly retained expert to develop a statistically significant sample of data from Equifax showing transactions that were potentially affected by the coding issue at the center of this case. The parties anticipate that the sampling process will be completed by November 2025. The parties have also continued to engage in numerous conferrals to resolve—and have in most instances successfully resolved—several other discovery disputes over the past several months. And the parties are currently conferring about additional discovery disputes that are not yet resolved.

Despite their diligence, the parties agree that they will be unable to meet the current case deadlines. While the parties have recently arrived at a short-term compromise regarding depositions of certain Equifax-related witnesses, those depositions still need to be taken. And Plaintiffs will need to evaluate whether, based on what they learn during those depositions, they believe additional relevant documents exist that have not yet been produced or additional depositions need to be taken. Additionally, the parties are attempting to resolve a dispute regarding Equifax's assertion that a significant number of its documents are not subject to disclosure based on the Consumer Financial Protection Bureau's Confidential Supervisory Information regulation, 12 C.F.R. § 1070.47. To the extent the Consumer Financial Protection Bureau must or does permit Equifax to produce

those documents or the Court orders that those documents should be produced, Plaintiffs will need to review them in preparation of the upcoming depositions of Equifax and Equifax-related fact witnesses. Finally, while the parties have largely finalized an agreed-upon protocol for the significant sample of potentially affected transactions that their jointly retained expert will assist in identifying, the process of developing that sample will likely take at least eight weeks to produce, plus additional time for the parties' expert to conduct his analysis and additional time for the parties to conduct any further discovery they elect to take regarding the sample.

To ensure they have adequate time to complete these remaining case tasks, the parties have conferred and by way of compromise agreed to jointly request a six-month extension. Accordingly, the parties respectfully request that the Court modify the Scheduling Order.

## DISCUSSION

Rule 16 of the Federal Rules of Civil Procedure provides that a schedule may be modified upon a showing of good cause and with the consent of the court. Fed. R. Civ. P. 16(b)(4). Good cause to modify the schedule exists when the party seeking the extension shows that the schedule cannot be met, despite the party's diligence. *Griffin v. Acadia Healthcare Co.*, No. 1:14-CV-1573-LMM, 2015 WL 11367927, at *1 (N.D. Ga. Apr. 28, 2015). Where the parties have acted diligently,

4

the court should exercise its broad discretion to extend deadlines due to the Eleventh Circuit's "'strong policy of determining cases on their merits.'" *See Paramount Cap. Invs., LLC v. TNG Contractors, LLC*, No. 1:19-CV-1069-MHC, 2019 WL 13211815, at *2 (N.D. Ga. May 3, 2019) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015)); *see also Williams v. The Art Inst. of Atlanta,* No. 1:06-CV-0285-CC-AJB, 2006 WL 3694649, at *17 (N.D. Ga. Sept. 1, 2006) (finding good cause to extend discovery when document productions and depositions were not yet complete).

Good cause exists to modify the schedule here. The parties are working diligently to move forward with depositions, document productions, third-party discovery, and the sampling exercise, but despite their diligence, they will not be able to complete the tasks that remain before the current deadline for the close of fact discovery. Accordingly, pursuant to Rule 16(b)(4), the parties respectfully submit that good cause exists for the Court to modify its March 5, 2025 Scheduling Order. *See* dkt. 222. To allow this matter to be fully adjudicated on the merits, Plaintiffs and Equifax jointly request that the Court adopt the proposed modifications below:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of Fact Discovery | August 15, 2025 | February 20, 2026 |
| Plaintiffs' Expert Reports | October 13, 2025 | April 17, 2026 |

| Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Equifax's Expert Reports | November 26, 2025 | June 1, 2026 |
| Plaintiffs' Rebuttal Expert Reports | January 12, 2026 | July 17, 2026 |
| Close of Expert Discovery and Deadline for Expert Depositions | February 16, 2026 | August 14, 2026 |
| Motion for Class Certification | No later than March 13, 2026 | No later than September 11, 2026[1] |
| Opposition to Motion for Class Certification | 35 days after service of Plaintiffs' class certification motion | 35 days after service of Plaintiffs' class certification motion |
| Reply in Support of Motion for Class Certification | 35 days after service of Equifax's class certification opposition | 35 days after service of Equifax's class certification opposition |
| Parties to Meet and Confer Regarding Remaining Discovery and Dispositive Motions | 21 days after class certification ruling or disposition of any timely appeal therefrom | 21 days after class certification ruling or disposition of any timely appeal therefrom |
| Parties to Propose Schedule Regarding Any Additional Discovery and Dispositive Motions | 30 days after class certification ruling or disposition of any timely appeal therefrom | 30 days after class certification ruling or disposition of any timely appeal therefrom |

---

[1]    If Plaintiffs elect to move for class certification before September 11, 2026, Plaintiffs agree to provide Equifax at least three business days' notice.

## CONCLUSION

The parties respectfully request that the Court modify the scheduling order. A proposed order is attached for the Court's consideration, and the parties are available to appear if the Court would find it useful.

[*signatures on following page*]

Respectfully submitted this 6th day of August, 2025.

/s/ T. Brandon Waddell
Michael A. Caplan**
Georgia Bar No. 601039
T. Brandon Waddell
Georgia Bar No. 252639
Ashley C. Brown
Georgia Bar No. 287373
Katie W. Gamsey
Georgia Bar No. 817096
Emily C. Snow
Georgia Bar No. 837411
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
mcaplan@caplancobb.com
bwaddell@caplancobb.com
abrown@caplancobb.com
kgamsey@caplancobb.com
esnow@caplancobb.com


/s/ David M. Berger
David M. Berger*
*Admitted pro hac vice*
Linda P. Lam
*Admitted pro hac vice*
Jeffrey B. Kosbie
*Admitted pro hac vice*
Sara Elizabeth Hillier
*Admitted pro hac vice*
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
Tel: (510) 350-9713
dmb@classlawgroup.com
lpl@classlawgroup.com

/s/ Zachary A. McEntyre
Zachary A. McEntyre
Georgia Bar No. 653571
John C. Toro
Georgia Bar No. 175145
Robert D. Griest
Georgia Bar No. 653571
Logan R. Hobson
Georgia Bar No. 341501
Jeffrey D. Miles
Georgia Bar No. 415881
Mandi E. Youngblood
Georgia Bar No. 643117
Jonathan M. Kaufman
Georgia Bar No. 834982
Jordan Lipp
Georgia Bar No. 318386
**KING & SPALDING LLP**
1180 Peachtree Street
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
zmcentyre@kslaw.com
jtoro@kslaw.com
rgriest@kslaw.com
lhobson@kslaw.com
jmiles@kslaw.com
myoungblood@kslaw.com
jkaufman@kslaw.com
jlipp@kslaw.com

Edward A. Benoit
*Admitted pro hac vice*
**KING & SPALDING LLP**
1700 Pennsylvania Ave., Suite 200
Washington, DC  20006
Telephone:  (202) 626-8985

jbk@classlawgroup.com
seh@classlawgroup.com

Mark H. Troutman
*Admitted pro hac vice*
**GIBBS LAW GROUP LLP**
1554 Polaris Parkway, Suite 325
Columbus, Ohio 43240
Tel: (614) 908-4081
mht@classlawgroup.com

*/s/ Dena C. Sharp*
Dena C. Sharp*
*Admitted pro hac vice*
Andrew R. Kaufman
*Admitted pro hac vice*
Mikaela Bock
*Admitted pro hac vice*
Samhita Collur
*Admitted pro hac vice*
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
dsharp@girardsharp.com
akaufman@girardsharp.com
mbock@girardsharp.com
scollur@girardsharp.com

*/s/ Amy Keller*
Amy Keller*
*Admitted pro hac vice*
Justin Hawal
*Admitted pro hac vice*
Sharon D. Cruz
*Admitted pro hac vice*
**DICELLO LEVITT LLC**
Ten North Dearborn Street Sixth Floor
Chicago, Illinois 60602
Tel: (312) 214-7900

ebenoit@kslaw.com

*Counsel for Defendants Equifax Inc.
and Equifax Information Services
LLC*

akeller@dicellolevitt.com
jhawal@dicellolevitt.com
scruz@dicellolevitt.com

*Counsel for the Plaintiffs and the Putative
Class*

*\* Interim Class Counsel*
*\*\* Liaison Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I caused a true and correct copy of the foregoing document to be filed with the clerk's office by this Court's CM/ECF system, which will serve a true and correct copy of the same upon all counsel of record.

This 6th day of August, 2025.

<u>*/s/ T. Brandon Waddell*</u>
T. Brandon Waddell

*Counsel for the Plaintiffs and the Putative Class*