**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **IN RE: EQUIFAX, FAIR CREDIT REPORTING ACT LITIGATION** | **No. 1:22-cv-3072-LMM-CCB**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' ANSWER TO
FIRST AMENDED CONSOLIDATED COMPLAINT**

Defendants, Equifax Inc. and Equifax Information Services LLC (collectively ("Equifax" or "Defendants"), through their undersigned counsel, file their Answer and Defenses to Plaintiffs' First Amended Consolidated Complaint ("FAC") stating as follows:

Except as expressly admitted in this Answer, Equifax denies every allegation of the FAC, including, without limitation, any allegations in the headings, subheadings, footnotes, and prayer for relief, as well as any other allegations or requests for relief not contained in the enumerated paragraphs in the FAC. Equifax's responses to the specific allegations made in the numbered paragraphs of the FAC are set forth below.

**NATURE OF THE CASE**

1.    Equifax denies the allegations in Paragraph 1.

2.      Equifax admits that Equifax Information Services LLC is a consumer reporting agency subject to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Equifax further admits that Equifax Information Services LLC's business includes issuing "consumer reports," as defined in the FCRA. Equifax states that the FCRA speaks for itself, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context its provisions, the allegations in Paragraph 2 are denied. Additionally, Equifax denies that Equifax Inc. is a consumer credit reporting agency subject to the FCRA and that Equifax Inc. engages in any of the conduct alleged in Paragraph 2. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, denies them.

3.      Equifax denies the allegations in the first sentence of Paragraph 3. Equifax admits that it and its executive issued public comments regarding the alleged coding issue that is the subject of this litigation, and Equifax further states that those comments speak for themselves. To the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context those statements, the allegations in Paragraph 3 are denied. Equifax denies that it or its executives "admitted" that Equifax "misreported" consumer credit information or issued "inaccurate" information containing "errors" about consumers. Equifax denies the remaining allegations in Paragraph 3.

2

4.     Equifax denies the allegations in Paragraph 4.

5.     Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies them.

6.     Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 6 and, therefore, denies them. Equifax denies the remaining allegations in Paragraph 6.

7.     Equifax denies the allegations in the first and third sentences of Paragraph 7. Equifax states that the allegations in the second sentence of Paragraph 7 contain legal conclusions to which no response is required. To the extent a response is required, those allegations are denied. Equifax denies the remaining allegations in Paragraph 7.

## JURISDICTION AND VENUE

8.     Equifax states that the allegations in Paragraph 8 constitute a legal conclusion to which no response is required. To the extent a response is required, Equifax admits that 28 U.S.C. § 1331 and 15 U.S.C. § 1681p vest this Court with federal-question jurisdiction over this case. Equifax, however, reserves the right to challenge whether Plaintiffs and/or the putative class members possess Article III standing to pursue their claims. Equifax admits that this Court had supplemental jurisdiction over Plaintiffs' state-law claim under 28 U.S.C. § 1367 but notes this Court has dismissed Plaintiffs' state-law claim. *See* Order, ECF No. 121.

9.      Equifax states that the allegations in Paragraph 9 constitute a legal conclusion to which no response is required. To the extent a response is required, Equifax admits that, at the pleading stage, Plaintiffs' allegations vest this Court with subject matter jurisdiction under 28 U.S.C. § 1332(d). Equifax, however, reserves the right to challenge whether Plaintiffs and/or the putative class members possess Article III standing to pursue their claims. Equifax further denies that Plaintiffs or the putative class members are entitled to any damages. Additionally, Equifax denies that the putative class is properly defined and that any class could be certified in this litigation. Equifax further states that it lacks knowledge or information sufficient to form a belief as to the citizenship of the "majority" of Plaintiffs and putative class members and, therefore, denies those allegations.

10.     Equifax states that the allegations in Paragraph 10 constitute a legal conclusion to which no response is required. To the extent a response is required, Equifax admits that Equifax Inc. and Equifax Information Services LLC maintain their principal place of business in Georgia and that they conduct their corporate operations in Georgia. Equifax denies any remaining allegations in this Paragraph.

11.     Equifax states that the allegations in Paragraph 11 constitute a legal conclusion to which no response is required. To the extent a response is required, Equifax admits that Equifax Inc. and Equifax Information Services LLC are headquartered in and maintain their principal place of business in Georgia and

4

regularly conduct business in this state. Equifax further admits that a substantial part of the events, omissions, and acts giving rise to Plaintiffs' claims allegedly occurred in this District.

## PARTIES

12.  Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies them.

13.  Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies them.

14.  The allegations in Paragraph 14 relate to Shigeta Denise Dixon, whom Plaintiffs have withdrawn as a proposed named plaintiff in the First Amended Consolidated Complaint. *See* Dkt. 254. Therefore, no response is required.

15.  Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies them.

16.  Equifax denies that Equifax Inc. is a consumer credit reporting agency and denies any remaining allegations in the first sentence of Paragraph 16. Equifax admits that Equifax Inc. is domiciled in Georgia and has its headquarters and principal place of business at 1550 Peachtree Street, NW, Atlanta, Georgia, 30309. Equifax admits that the webpage cited in footnotes 2-4 of the FAC state that Equifax employs 14,000 people and had revenues of $4.9 billion in 2021. Equifax further states that the webpage cited in footnotes 2-4 of the FAC speaks for itself, and to the

extent Plaintiffs misquote, misstate, mischaracterize, or take out of context the contents of that website, the allegations in Paragraph 16 are denied.

17.    Equifax admits the allegations in Paragraph 17.

## PLAINTIFF SPECIFIC ALLEGATIONS

### Plaintiff Sarah Hunter

18.    Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies them.

19.    Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies them.

20.    Equifax denies the allegations in Paragraph 20.

21.    Equifax admits that it provided a credit score of 567 to CoreLogic CredCo about Plaintiff Hunter that would have been 564 had the Coding Issue not occurred. Equifax denies the remaining allegations in Paragraph 21.

22.    Equifax admits that it provided two credit scores of 651 to Plaintiff Hunter via Credit Karma that would have been 660 had the Coding Issue not occurred. Equifax denies the remaining allegations in Paragraph 22.

23.    Equifax denies the allegations in Paragraph 23.

### Plaintiff Maurice Moore

24.    Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies them.

6

25.    Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies them.

26.    Equifax admits that it provided two credit scores and four credit attributes about Plaintiff Moore to Pentagon Federal Credit Union that were different than they would have been had the Coding Issue not occurred. Equifax further states that its discovery responses and sworn statements speak for themselves, and to the extent the allegations in Paragraph 26 misquote, misstate, mischaracterize, or take out of context Equifax's discovery responses, Equifax denies them. Equifax denies the remaining allegations in Paragraph 26.

27.    Equifax admits that it provided one credit score of 679 to Pentagon Federal Credit Union that would have been 675 had the Coding Issue not occurred. Equifax also admits that it provided one credit score of 656 to Pentagon Federal Credit Union that would have been 651 had the Coding Issue not occurred. Equifax further states that its discovery responses and sworn statements speak for themselves, and to the extent the allegations in Paragraph 27 misquote, misstate, mischaracterize, or take out of context Equifax's discovery responses, Equifax denies them. Equifax denies the remaining allegations in Paragraph 27.

28.    Equifax admits that it provided four attributes about Plaintiff Moore to Pentagon Federal Credit Union that were different than they would have been had the Coding Issue not occurred. Equifax further states that its discovery responses and

sworn statements speak for themselves, and to the extent the allegations in Paragraph 28 misquote, misstate, mischaracterize, or take out of context Equifax's discovery responses, Equifax denies them. Equifax denies the remaining allegations in Paragraph 28.

29.    Equifax denies the allegations in Paragraph 29.

**Plaintiff Shigeta Denise Dixon**

30.    The allegations in Paragraph 30 relate to Shigeta Denise Dixon, whom Plaintiffs have withdrawn as a proposed named plaintiff in the First Amended Consolidated Complaint. *See* Dkt. 254. Therefore, no response is required.

31.    The allegations in Paragraph 31 relate to Shigeta Denise Dixon, whom Plaintiffs have withdrawn as a proposed named plaintiff in the First Amended Consolidated Complaint. *See* Dkt. 254. Therefore, no response is required.

32.    The allegations in Paragraph 32 relate to Shigeta Denise Dixon, whom Plaintiffs have withdrawn as a proposed named plaintiff in the First Amended Consolidated Complaint. See Dkt. 254. Therefore, no response is required.

33.    The allegations in Paragraph 33 relate to Shigeta Denise Dixon, whom Plaintiffs have withdrawn as a proposed named plaintiff in the First Amended Consolidated Complaint. *See* Dkt. 254. Therefore, no response is required.

34.    The allegations in Paragraph 34 relate to Shigeta Denise Dixon, whom Plaintiffs have withdrawn as a proposed named plaintiff in the First Amended Consolidated Complaint. *See* Dkt. 254. Therefore, no response is required.

35.    The allegations in Paragraph 35 relate to Shigeta Denise Dixon, whom Plaintiffs have withdrawn as a proposed named plaintiff in the First Amended Consolidated Complaint. *See* Dkt. 254. Therefore, no response is required.

36.    The allegations in Paragraph 36 relate to Shigeta Denise Dixon, whom Plaintiffs have withdrawn as a proposed named plaintiff in the First Amended Consolidated Complaint. *See* Dkt. 254. Therefore, no response is required.

### Plaintiff Michael S. Rodela

37.    Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, denies them.

38.    Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies them.

39.    Equifax admits that it provided one credit score of 544 to Digital Federal Credit Union that would have been 552 had the Coding Issue not occurred. Equifax further states that its discovery responses and sworn statements speak for themselves and to the extent the allegations in Paragraph 39 misquote, misstate, mischaracterize, or take out of context Equifax's discovery responses, Equifax denies them. Equifax denies the remaining allegations in Paragraph 39.

40.    Equifax denies the allegations in Paragraph 40.

41.    Equifax denies the allegations in Paragraph 41.

42.    Equifax denies the allegations in Paragraph 42.

## FACTUAL ALLEGATIONS

### A.    Equifax Misreported Consumers' Credit Information.

43.    Equifax denies the allegations in Paragraph 43 with respect to Equifax Inc. Equifax admits that Equifax Information Services, LLC is a "consumer reporting agency" within the meaning of the FCRA, and that it publishes and sells consumer reports and credit scores pertaining to consumers. Equifax denies any remaining allegations in Paragraph 43.

44.    Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 44 and, therefore, denies them. With respect to the allegations in the second sentence, Equifax states that the website page cited in footnote 5 speaks for itself, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context the contents of that website page, the allegations in Paragraph 44 are denied. Equifax denies the allegations in the third sentence of Paragraph 44 and any remaining allegations in Paragraph 44.

45.    Equifax states that the article quoted in Paragraph 45 and cited in footnote 6 speaks for itself, and to the extent Plaintiffs misquote, misstate,

mischaracterize, or take out of context the contents of that article, the allegations in Paragraph 45 are denied. Equifax denies that it "inaccurately reported" any credit scores. Equifax denies the remaining allegations in Paragraph 45.

46.     Equifax denies the allegations in Paragraph 46.

47.     Equifax admits that Equifax Information Services LLC sent the referenced email to the National Mortgage Professional trade publication. Equifax states that the trade publication page identified in the webpage cited in footnotes 8 and 9 speaks for itself, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context the contents of that statement, the allegations in Paragraph 47 are denied. Equifax denies the remaining allegations in Paragraph 47.

48.     Equifax admits that Equifax Information Services LLC sent the referenced email to the National Mortgage Professional trade publication. Equifax states that the trade publication page identified in the webpage cited in footnote 10 speaks for itself, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context the contents of that statement, the allegations in Paragraph 48 are denied. Equifax denies the remaining allegations in Paragraph 48.

49.     Equifax admits that Mark Begor made the statement referenced in Paragraph 49. Equifax states that the statement quoted in Paragraph 49 and cited in footnote 11 speaks for itself, and to the extent Plaintiffs misquote, misstate,

mischaracterize, or take out of context the contents of that communication, the allegations in Paragraph 49 are denied.

50.    Equifax admits that it issued a press release on August 2, 2022 that identified a "technology coding issue" within "a legacy, on-premise server environment in the U.S. slated to be migrated to the new Equifax Cloud™ infrastructure." Equifax further states that this press release speaks for itself. To the extent Plaintiffs misquote, misstate, mischaracterize, or take the statements in the press release out of context, the allegations in Paragraph 50 are denied. Equifax denies the remaining allegations in Paragraph 50.

51.    Equifax denies the allegations in the first sentence of Paragraph 51. Equifax states that the article quoted in Paragraph 51 and cited in footnotes 13 through 15 speaks for itself, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context the contents of that article, the allegations in Paragraph 51 are denied. Equifax denies that lenders received any "incorrect" or "inaccurate" scores during the three-week period referenced in Paragraph 65. Equifax denies the remaining allegations in Paragraph 51.

52.    Equifax admits that it received correspondence dated August 4, 2022 from Senators Elizabeth Warren and Mark Warner and Representative Raja Krishnamoorthi. Equifax states that the letters quoted in Paragraph 52 and cited in footnote 16 speak for themselves, and to the extent Plaintiffs misquote, misstate,

12

mischaracterize, or take out of context the content of the letters, the allegations in Paragraph 52 are denied. Equifax denies any remaining allegations in Paragraph 52.

53. Equifax states that the letter quoted in Paragraph 53 and cited in footnote 17 speaks for itself, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context the contents of the letter, the allegations in Paragraph 53 are denied. Equifax denies the remaining allegations in Paragraph 53.

54. Equifax admits that it received a letter from Congresswoman Waters to Mr. Begor dated August 9, 2022. Equifax states that the letter speaks for itself, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context the contents of the letter, the allegations in Paragraph 54 are denied.

55. Equifax admits that Mr. Begor responded to Congresswoman Waters's letter in correspondence dated August 24, 2022. Equifax states that Mr. Begor's letter speaks for itself, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context the contents of that response, the allegations in Paragraph 55 are denied.

56. Equifax admits that it resolved the coding issue that is the subject of this litigation. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 regarding consumers' "skeptic[ism]," and therefore, denies them. Equifax denies the remaining allegations in Paragraph 56.

B.     **Equifax Is Required to Ensure Accuracy in Consumer Reports Under the FCRA.**

57.    Equifax states that the allegations in Paragraph 57 constitute legal conclusions to which no response is required. To the extent a response is required, Equifax admits that Equifax Information Services LLC is a consumer reporting agency subject to the FCRA, and Equifax denies that Equifax Inc. is a consumer reporting agency subject to the FCRA.

58.    Equifax admits that Equifax Information Services LLC generates and sells consumer reports to lenders and other businesses, but Equifax denies that Equifax Inc. does so. Equifax states that the allegations in the second sentence of Paragraph 58 constitute legal conclusions to which no response is required. To the extent a response is required, Equifax states that the contents of 15 U.S.C. § 1681a(d)(1) speaks for itself, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context the contents of that provision, the allegations in Paragraph 58 are denied. Equifax denies any remaining allegations in Paragraph 58.

59.    Equifax admits that consumer reports may be used, in connection with other information, to determine whether and on what terms a consumer will be offered credit by a lender. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 and, therefore, denies them.

60. Equifax states that the allegations in Paragraph 60 quote statutory language and constitute legal conclusions to which no response is required. To the extent a response is required, Equifax states that the statutory provisions cited in Paragraph 60 speak for themselves, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context the contents of those provisions, the allegations in Paragraph 60 are denied.

61. Equifax states that the CFPB advisory opinion quoted and cited in Paragraph 61 speaks for itself, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context the contents of that regulation, the allegations in Paragraph 61 are denied.

62. Equifax states that the allegations in Paragraph 62 constitute legal conclusions to which no response is required. To the extent a response is required, Equifax admits that Equifax Information Services LLC is a consumer reporting agency subject to the FCRA. Equifax states that the reference in Paragraph 62 to unspecified "other laws" is vague and ambiguous such that Equifax lacks knowledge or information sufficient to form a belief as to the truth of that allegation and, therefore, denies it. Equifax denies that Equifax Inc. is a consumer reporting agency or that it is subject to the FCRA. Equifax denies any remaining allegations in Paragraph 62.

63. Equifax denies the allegations in Paragraph 63.

**C.    Equifax Acted Willfully in its Failure to Provide Maximum Possible Accuracy.**

64.    Equifax admits that it issued a press release on August 2, 2022 that identified a "technology coding issue" within "a legacy, on-premise server environment in the U.S. slated to be migrated to the new Equifax Cloud™ infrastructure." Equifax states that the press release quoted in Paragraph 64 and cited in footnote 18 speaks for itself. To the extent Plaintiffs misquote, misstate, mischaracterize, or take the statements in the press release out of context, the allegations in Paragraph 64 are denied. Equifax denies the remaining allegations in Paragraph 64.

65.    Equifax denies the allegations in 65.

66.    Equifax denies allegation in the first sentence of Paragraph 66 that Equifax had a "risky legacy system." Equifax admits that it issued a press release on August 2, 2022 that identified a "technology coding issue" within "a legacy, on-premise server environment in the U.S. slated to be migrated to the new Equifax Cloud™ infrastructure." Equifax further states that the press release quoted in Paragraph 66 and cited in footnote 20 speaks for itself. To the extent Plaintiffs misquote, misstate, mischaracterize, or take the statements in the press release out of context, the allegations in Paragraph 66 are denied. Equifax denies the remaining allegations in Paragraph 66.

67. Equifax denies the allegations in the first and second sentences of Paragraph 67. Equifax further states that the order issued by Judge Thrash in *In Re Equifax, Inc., Customer Data Security Breach Litig.*, No. 1:17-md-02800, Dkt. 958 § 14 (entered Jan. 13, 2020) speaks for itself, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context the order in that case, the allegations in Paragraph 67 are denied. Equifax also denies that the Consent Order cited in Paragraph 67 addresses any risks associated with the reporting of credit information. Equifax denies any remaining allegations in Paragraph 67.

68. Equifax denies the allegations in Paragraph 68.

### D.   Equifax's Actions Have Caused Plaintiffs and Class Members Harm.

69. Equifax admits that Equifax Information Services LLC is a consumer credit reporting agency that issues consumer reports, but Equifax denies that Equifax Inc. is a consumer reporting agency that issues consumer reports. Equifax further states that the website page quoted in Paragraph 69 and cited in footnote 21 speaks for itself, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context the contents of that website page, the allegations in Paragraph 69 are denied. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69 and, therefore, denies them.

70. Equifax states that the CFPB advisory opinion quoted and cited in Paragraph 70 speaks for itself, and to the extent Plaintiffs misquote, misstate,

mischaracterize, or take out of context the contents of that regulation, the allegations in Paragraph 70 are denied.

71.    Equifax denies the allegations in Paragraph 71.

72.    Equifax denies the allegations in Paragraph 72.

73.    Equifax denies the allegations in Paragraph 73.

## CLASS ACTION ALLEGATIONS

74.    Equifax admits that Plaintiffs purport to bring this action on behalf of a putative class defined in Paragraph 74. Equifax denies that the proposed class is properly defined and denies that this case is suitable for class treatment.

75.    Equifax admits that Plaintiffs do not purport to bring any putative class claims on behalf of the persons and entities outlined in Paragraph 75. Equifax denies that the proposed class in Paragraph 74 is properly defined and denies that this case is suitable for class treatment.

76.    In response to the allegations in Paragraph 76, Equifax admits that Plaintiffs purport to reserve the right to amend the definition of the putative class defined in Paragraph 74. Equifax denies that the proposed class in Paragraph 74 is properly defined and denies that this case is suitable for class treatment.

77.    Equifax denies the allegations in Paragraph 77.

78.    Equifax denies that the proposed class in Paragraph 74 is properly defined and denies that this case is suitable for class treatment. Equifax lacks

knowledge or information sufficient to form a belief as to whether any alleged putative class members are too numerous to feasibly be joined, and therefore denies those allegations. Equifax denies the remaining allegations in Paragraph 78.

79.    Equifax admits that "[t]he exact number and identities of the members of the proposed Class are unknown at this time." Equifax denies that such information is "within the exclusive knowledge of Equifax." Equifax lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 79 and therefore denies them.

80.    Equifax denies the allegations in Paragraph 80.

81.    Equifax denies the allegations in Paragraph 81.

82.    Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, therefore denies them.

83.    Equifax denies the allegations in Paragraph 83.

84.    Equifax denies the allegations in Paragraph 84.

## FIRST CLAIM
### Willful Violations of the Fair Credit Reporting Act
### 15 U.S.C. § 1681 *et seq.*

85.    Equifax incorporates by reference each of its responses in Paragraphs 1–84.

19

86.    Equifax admits that Plaintiffs purport to bring this action on behalf of a putative class defined in Paragraph 86. Equifax denies that the proposed class is properly defined and denies that this case is suitable for class treatment.

87.    Equifax states that the allegations in Paragraph 87 constitute a legal conclusion to which no response is required. To the extent a response is required, Equifax admits that Plaintiffs are "consumers" as defined in the FCRA.

88.    Equifax states that the allegations in Paragraph 88 constitute legal conclusions to which no response is required. To the extent a response is required, Equifax states that the FCRA speaks for itself, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context its provisions, the allegations in Paragraph 88 are denied. Additionally, Equifax admits that Equifax Information Services LLC is a consumer reporting agency under the FCRA, but Equifax denies that Equifax Inc. is a consumer reporting agency under the FCRA.

89.    Equifax states that the allegations in Paragraph 89 constitute legal conclusions to which no response is required. To the extent a response is required, Equifax states that the FCRA speaks for itself, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context its provisions, the allegations in Paragraph 89 are denied. Equifax denies the remaining allegations in Paragraph 89.

90.    Equifax admits that Equifax Information Services LLC is a consumer reporting agency subject to the FCRA, but denies that Equifax Inc. is a consumer

reporting agency or that it is subject to the FCRA. Equifax further states that the remaining allegations constitute a legal conclusion to which no response is required. To the extent a response is required, Equifax states that the FCRA speaks for itself, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context its provisions, the allegations in Paragraph 90 are denied. Equifax denies the remaining allegations in Paragraph 90.

91.    Equifax states that the allegations in Paragraph 91 constitute legal conclusions to which no response is required. To the extent a response is required, Equifax states that the FCRA speaks for itself, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context its provisions, the allegations in Paragraph 91 are denied. Equifax denies the remaining allegations in Paragraph 91.

92.    Equifax denies the allegations in Paragraph 92.

93.    Equifax denies the allegations in Paragraph 93.

94.    Equifax denies the allegations in Paragraph 94.

95.    Equifax denies the allegations in Paragraph 95.

96.    Equifax denies the allegations in Paragraph 96.

**SECOND CLAIM**
**Negligent Violations of the Fair Credit Reporting Act**
**15 U.S.C. § 1681 *et seq.***

97.    Equifax incorporates by reference each of its responses in Paragraphs 1–96.

21

98. Equifax admits that Plaintiffs purport to bring this action on behalf of a putative class defined in Paragraph 74. Equifax denies that the proposed class is properly defined and denies that this case is suitable for class treatment.

99. Equifax states that the allegations in Paragraph 99 constitute a legal conclusion to which no response is required. To the extent a response is required, Equifax states that 15 U.S.C. § 1681e speaks for itself, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context the contents of that provision, the allegations in Paragraph 99 are denied.

100. Equifax denies the allegations in Paragraph 100.

101. Equifax denies the allegations in Paragraph 101.

102. Equifax denies the allegations in Paragraph 102.

103. Equifax denies the allegations in Paragraph 103.

## THIRD CLAIM
### Negligence

104. Equifax incorporates by reference each of its responses in Paragraphs 1–103.

105. The allegation in this Paragraph pertains to Plaintiffs' common-law negligence claim, which was dismissed by this Court in its September 11, 2023 Order on Equifax's Motion to Dismiss. *See* Order, ECF No. 121. Therefore, no response is required. To the extent a response is required, Equifax denies the allegation in Paragraph 105.

106.    The allegations in this Paragraph pertain to Plaintiffs' common-law negligence claim, which was dismissed by this Court in its September 11, 2023 Order on Equifax's Motion to Dismiss. *See* Order, ECF No. 121. Therefore, no response is required. To the extent a response is required, Equifax denies the allegations in Paragraph 106.

107.    The allegations in this Paragraph pertain to Plaintiffs' common-law negligence claim, which was dismissed by this Court in its September 11, 2023 Order on Equifax's Motion to Dismiss. *See* Order, ECF No. 121. Therefore, no response is required. To the extent a response is required, Equifax denies the allegations in Paragraph 107.

108.    The allegations in this Paragraph pertain to Plaintiffs' common-law negligence claim, which was dismissed by this Court in its September 11, 2023 Order on Equifax's Motion to Dismiss. *See* Order, ECF No. 121. Therefore, no response is required. To the extent a response is required, Equifax denies the allegations in Paragraph 108.

109.    The allegations in this Paragraph pertain to Plaintiffs' common-law negligence claim, which was dismissed by this Court in its September 11, 2023 Order on Equifax's Motion to Dismiss. *See* Order, ECF No. 121. Therefore, no response is required. To the extent a response is required, Equifax denies the allegations in Paragraph 109.

110.    The allegations in this Paragraph pertain to Plaintiffs' common-law negligence claim, which was dismissed by this Court in its September 11, 2023 Order on Equifax's Motion to Dismiss. *See* Order, ECF No. 121. Therefore, no response is required. To the extent a response is required, Equifax denies the allegations in Paragraph 110.

111.    The allegations in this Paragraph pertain to Plaintiffs' common-law negligence claim, which was dismissed by this Court in its September 11, 2023 Order on Equifax's Motion to Dismiss. *See* Order, ECF No. 121. Therefore, no response is required. To the extent a response is required, Equifax denies the allegations in Paragraph 111.

## PRAYER FOR RELIEF

Equifax denies that Plaintiffs are entitled to any of the relief sought in the Prayer for Relief or its subparts.

## DEMAND FOR JURY TRIAL

Equifax admits that Plaintiffs demand a trial by jury. Equifax likewise demands a trial by jury.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Equifax pleads the following defenses to the FAC:

24

## FIRST DEFENSE

The FAC fails, in whole or in part, to state a claim against Equifax upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs and/or the putative class members lack Article III standing to assert their claims.

## THIRD DEFENSE

Plaintiffs lack prudential standing to assert their claims.

## FOURTH DEFENSE

Plaintiffs' claims fail because they have not suffered any actual injury or damage.

## FIFTH DEFENSE

Equifax Inc. is not a consumer reporting agency under the FCRA and thus the claims against it fail as a matter of law.

## SIXTH DEFENSE

At all pertinent times, Equifax Information Services LLC maintained reasonable procedures to assure maximum possible accuracy in its consumer reports.

## SEVENTH DEFENSE

Equifax has complied with the FCRA in its handling of Plaintiffs' credit files and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## EIGHTH DEFENSE

Plaintiffs' claims do not meet the requirements, in whole or in part, of Federal Rule of Civil Procedure 23 and thus cannot be maintained on a class basis.

## NINETH DEFENSE

Plaintiffs cannot meet the requirements of 15 U.S.C. § 1681n to recover punitive or statutory damages.

## TENTH DEFENSE

Any damages or injuries allegedly suffered by Plaintiffs and members of the putative class resulted from acts or omissions by parties other than Equifax, for which Equifax is not responsible.

## ELEVENTH DEFENSE

At all relevant times, Plaintiffs' alleged damages, which Equifax denies exist, were aggravated by Plaintiffs' failure to use reasonable diligence to mitigate those alleged damages. Therefore, Plaintiffs' recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

## TWELFTH DEFENSE

Plaintiffs' FAC seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court, including in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

## THIRTEENTH DEFENSE

Plaintiffs are not entitled to statutory or punitive damages that are excessive under the common law or the U.S. Constitution, including the Constitution's prohibition of excessive fines and its guarantee of due process of law.

## FOURTEENTH DEFENSE

Equifax is entitled to a setoff of any damages allegedly owed to Plaintiffs or putative class members to the extent their alleged damages have already been remediated.

## FIFTEENTH DEFENSE

Plaintiffs' claim for willful violations of the FCRA are barred by the principles articulated in *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).

## SIXTEENTH DEFENSE

Plaintiffs' requests for disgorgement or equitable relief are barred under the FCRA.

## SEVENTEENTH DEFENSE

Plaintiffs' claim for common-law negligence is preempted by the FCRA.

## EIGHTEENTH DEFENSE

Plaintiffs' and/or the putative class members' claims are moot to the extent they received remediation for their alleged damages from other sources, including from lenders that denied them credit or provided them credit on less favorable terms.

**THEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiffs' FAC, Equifax prays that:

(1)  The claims set forth in Plaintiffs' FAC be dismissed in their entirety and with prejudice, with all costs taxed against Plaintiff;

(2)  Equifax be dismissed as parties to this action;

(3)  This lawsuit be deemed frivolous and Equifax recover from Plaintiffs its expenses of litigation, including but not limited to attorney's fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4)  Equifax recover such other and additional relief as the Court deems just and appropriate.

DATED: December 8, 2025

*/s/ Zachary A. McEntyre*
Zachary A. McEntyre
Georgia Bar No. 653571
John C. Toro
Georgia Bar No. 175145
Robert D. Griest
Georgia Bar No. 294216
Jeffrey D. Miles
Georgia Bar No. 415881
Mandi Youngblood
Georgia Bar No. 643117
Logan R. Hobson
Georgia Bar No. 341501
Jonathan M. Kaufman
Georgia Bar No. 834982
Jordan Lipp
Georgia Bar No. 318386
KING & SPALDING LLP
1180 Peachtree Street, N.E., Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
zmcentyre@kslaw.com
jtoro@kslaw.com
rgriest@kslaw.com
jmiles@kslaw.com
myoungblood@kslaw.com
lhobson@kslaw.com
jkaufman@kslaw.com
jlipp@kslaw.com

Edward A. Benoit
**KING & SPALDING LLP**
1700 Pennsylvania Ave., Suite 200
Washington, DC 20006
Telephone: (202) 626-8985
ebenoit@kslaw.com

*Counsel for Equifax Defendants*

29

## CERTIFICATE OF SERVICE

I hereby certify on this 8th day of December, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Zachary A. McEntyre*
Zachary A. McEntyre