# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: EQUIFAX FAIR CREDIT REPORTING ACT LITIGATION | CIVIL ACTION NO.: 1:22-CV-3072 LMM |

## CLASS SETTLEMENT AGREEMENT AND RELEASE

This Class Settlement Agreement and Release is made and entered into by and between Plaintiffs Sarah Hunter, Maurice Moore, and Michael Rodela, on behalf of themselves and the Settlement Class defined below, and Defendants Equifax Information Services LLC and Equifax, Inc. in order to effectuate the final settlement and dismissal with prejudice of all claims asserted against Equifax in the above-captioned case on the terms set forth below and to the full extent reflected herein, subject to approval by the Court. Capitalized terms shall have the meaning ascribed to them in Section II of this Agreement.

1

## I.  RECITALS

WHEREAS, in and through the Action, the Class Plaintiffs asserted claims against Equifax, including under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;

WHEREAS, the purpose of this Agreement is to settle Released Claims of the Class Plaintiffs and the Settlement Class;

WHEREAS, the Parties have conducted extensive discovery of the facts and claims alleged in the Action, including, but not limited to, obtaining and reviewing documents and data, taking deposition testimony, and securing expert opinions;

WHEREAS, the Parties engaged in two mediations concerning the settlement of the claims asserted in the Action, as well as other extensive, direct arms' length negotiations;

WHEREAS, Class Counsel have conducted a detailed examination of the facts, law, and evidence relating to the Action, including documents, data, and other information produced by Equifax and numerous third parties during discovery and have concluded that this Settlement provides substantial benefits to the Class Plaintiffs and Settlement Class without prolonged litigation and the risks and uncertainties inherent in continued litigation;

WHEREAS, the Class Plaintiffs and Class Counsel have further concluded that this Settlement resolves all claims regarding the OMS Issue for Settlement

2

Class Members that were or could have been raised in the Action and is fair, reasonable, adequate, and in the best interests of the Settlement Class;

WHEREAS, Equifax has denied and continues to deny the Class Plaintiffs' and the Settlement Class's allegations or that it has committed any violations of law, including, without limitation, violations of the Fair Credit Reporting Act, engaged in any wrongful acts as alleged in the First Amended Consolidated Complaint, or otherwise incurred any liability, and has maintained that it has defenses to the Class Plaintiffs' and Settlement Class's claims;

WHEREAS, Equifax nevertheless desires to settle the Action on the terms and conditions set forth herein, solely for the purpose of avoiding the further expense, inconvenience, uncertainty, and distraction of burdensome and protracted litigation and to obtain the release, order, and judgment contemplated by this Agreement; and

WHEREAS, the Class Plaintiffs, Settlement Class, and Equifax agree that neither this Agreement nor any statement made in the negotiation thereof shall be deemed or construed as an admission of liability by, or used against, Equifax for any purpose in any legal proceeding or as evidence of the merit or truth of the Class Plaintiffs' or the Settlement Class's allegations;

3

**NOW, THEREFORE,** in consideration of the foregoing and the mutual covenants, promises, and general release set forth below, and subject to preliminary and final approval of the Court, the Parties hereby agree as follows:

## II.  DEFINITIONS

A.     "Action" means *In re: Equifax Fair Credit Reporting Act Litigation*, Civil Action No. 1:22-CV-3072 LMM (N.D. Ga.), including all cases consolidated therein.

B.     "CAFA Notice" means the notice sent pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 to the appropriate federal and state officials as identified in 28 U.S.C. § 1715(a).

C.     "Claim Deadline" means the date by when a Settlement Class Member must submit a Claim Form (or if mailed, the date by when the Claim Form must be postmarked) to be eligible for the benefits described under Section IV, which date will be specified in the Settlement Class Notice. The Claim Deadline will be ninety (90) calendar days after the Notice Date. The Claim Deadline is subject to the exception contained in Section XI.D.i.

D.     "Claim Form" means the claim form, as further described in Section XI and substantially in the same form as the document attached as Exhibit A, that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described under Section IV.

4

E.      "Class Account" means the interest-bearing account established to receive and maintain funds paid by Equifax pursuant to this Agreement.

F.      "Class Counsel" means Caplan Cobb LLC, DiCello Levitt LLP, Gibbs Mura LLP, and Girard Sharp LLP.

G.      "Class Notice List" means a list generated by the Settlement Administrator, utilizing information provided by Equifax, of members of the Settlement Class who will receive notice of the settlement.

H.      "Class Plaintiffs" means Sarah Hunter, Maurice Moore, and Michael Rodela.

I.      "Class Transaction" is a Transaction that Equifax has identified in the OMS Analysis.

J.      "Court" means the United States District Court for the Northern District of Georgia.

K.      "Effective Date" shall mean the date on which each and all of the following conditions have occurred:

i.      This Settlement Agreement has been fully executed by the Parties, Class Counsel, and Equifax's Counsel;

ii.      Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement, and approving the forms of the Settlement Class Notice and Claim Form;

5

iii.    The Settlement Class Notice has issued in accordance with the Preliminary Approval Order;

iv.    The Court has entered the Final Approval Order; and

v.    The Final Approval Order has become Final.

L.    "Emailed Class Notice" means the individual notice of this Settlement substantially in the same form as the document attached as Exhibit B that, subject to approval by the Court, shall be e-mailed by the Settlement Administrator, at the direction of Class Counsel, to individuals on the Class Notice List for whom an email address has been identified in accordance with Section X.A.ii–iii.

M.    "Equifax" means (collectively) Defendants Equifax Information Services LLC and Equifax, Inc.

N.    "Equifax's Counsel" means Bondurant Mixson & Elmore LLP and King & Spalding LLP.

O.    "Execution Date" means the first date on which the Parties, Class Counsel, and Equifax's Counsel have signed the Settlement Agreement.

P.    "Fairness Hearing" means the hearing at which the Court will consider final approval of the Settlement.

Q.    "Final" when referring to the Final Approval Order means that (1) the Final Approval Order and Final Judgment are final, appealable judgments; and (2) either (i) the time for appealing from the Final Approval Order and Final Judgment

has expired without any appeal being taken from the Final Approval Order or Final Judgment; or (ii) all appeals and other review proceedings of the Final Approval Order and Final Judgment have either been dismissed or the Final Approval Order and Final judgment have been affirmed and are no longer subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise.

R.      "Final Approval Order" means the order entered by the Court that finally approves the Settlement and this Settlement Agreement pursuant to Federal Rules of Civil Procedure 23 and dismisses the Action with prejudice.

S.      "Mailed Class Notice" means the individual notice of this Settlement substantially in the same form as the document attached as Exhibit C that, subject to Court Approval, shall be mailed by the Settlement Administrator, at the direction of Class Counsel, to Settlement Class Members using the list of mailing addresses for persons on the Class Notice List created pursuant to Section X.A.ii, iv. The Mailed Class Notice shall, if recommended by the Settlement Administrator, include the tear-off Claim Form.

T.      "Net Settlement Distribution Amount" means the amount available for distribution to Settlement Class Members, calculated as the Settlement Fund less amounts approved by the Court for attorney's fees, costs, and expenses, and less the Notice and Administrative Costs.

U.      "Notice and Administrative Costs" means the reasonable costs and expenses of disseminating and publishing the Class Notice; Reminder Notice; and any other forms of notice authorized or required under the Court-approved notice program, and all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Settlement, including, but not limited to, costs and expenses associated with assisting members of the Settlement Class, processing claims, holding Class Account funds, and issuing and mailing payments to eligible Settlement Class Members.

V.      "Notice Date" means the initial date that the Emailed Class Notice is sent.

W.      "Objection Deadline" means sixty (60) calendar days from the Notice Date.

X.      "OMS Analysis" means the analysis performed by Equifax in 2022 following the OMS Issue to assess the customer and consumer impact of the OMS Issue, in which Equifax identified potential consumer credit score and attribute differences between pre-fix (affected by the OMS Issue) and post-fix (simulated after correcting for the OMS Issue) credit scores and attributes.

Y.      "OMS Issue" means the coding issue that Equifax experienced between March 17, 2022 and April 8, 2022 as alleged and described in the First Amended Consolidated Complaint (dkt. 279-1).

Z.     "Opt-Out" means a member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement Class as set forth in Section XII. Any Claim Form filed by an Opt-Out is null and void.

AA.    "Opt-Out Deadline" means sixty (60) calendar days from the Notice Date.

BB.    "Opt-Out List" means the list compiled by the Settlement Administrator identifying those members of the Settlement Class who properly and timely submit a request for exclusion from the Settlement Class and become Opt-Outs.

CC.    "Opt-Out Request" means a request to be excluded from the Settlement submitted by a Settlement Class Member as set forth in Section XII.

DD.    "Parties" means the Class Plaintiffs together with Equifax.

EE.    "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court.

FF.    "Preliminary Approval Order" means the Order described in Section IX and entered by the Court preliminarily approving the Settlement.

GG.    "Published Class Notice" means the notice of this Settlement substantially in the same form as the document attached as Exhibit D that, subject to Court Approval, shall be posted on the Settlement Website, as described in Section X.

9

HH.    "Release" means the release described in Section VI.

II.    "Released Claims" means any and all claims on behalf of the Settlement Class Members arising out of or relating to the OMS Issue, including those that were or could have been brought in the Action against any of the Released Parties.

JJ.    "Released Parties" shall refer individually and collectively, as appropriate, to Equifax Information Services, LLC, Equifax, Inc., and their past and present parent companies, subsidiaries, joint ventures, partnerships, affiliates, controlled entities, assignees, and all of their respective predecessors, assigns, and successors-in interest, and all of their respective present or former directors, officers, members, shareholders, agents, employees, representatives, administrators, insurers, and indemnitees.

KK.    "Releasing Party" or "Releasing Parties" shall refer individually and collectively, to the Settlement Class, including the Class Plaintiffs and the Settlement Class Members, regardless of whether any Settlement Class Member submits a Valid Claim Form.

LL.    "Reminder Notice" means the notice of the settlement that will be sent sixty (60) days after the Notice Date by email to all Class Members on the Class Notice List for whom the Settlement Administrator has an email address but has

10

not, as of that date, received a Claim Form to remind those Class Members of their rights to submit a Claim Form.

MM.  "Settlement," "Settlement Agreement," or "Agreement" means this Settlement Agreement and Release, including all exhibits hereto.

NN.  "Settlement Administrator" means Verita Global, so long as it is approved and appointed by the Court as the Settlement Administrator.

OO.  "Settlement Class" means all persons who fall within the definition of the class identified in Section III.

PP.  "Settlement Class Members" means all persons in the Settlement Class who do not exclude themselves (i.e., become Opt-Outs) pursuant to Section XII.

QQ.  "Settlement Class Notice Program" means the process approved by the Court for notifying the Settlement Class of the Settlement and Settlement Agreement, as described in Sections X and XI.

RR.  "Settlement Class Notice" means the Emailed Class Notice, the Mailed Class Notice, and the Published Class Notice.

SS.  "Settlement Website" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement

Agreement, the Published Class Notice, the Claim Form, and information about the filing and processing of Claims.

TT.    "Transaction" means Equifax's reporting to a third party of one or more credit scores or attributes that was affected by the OMS Issue.

UU.    "Valid Claim Form" means a Claim Form completed and timely submitted by a Settlement Class Member and approved as described in Section XI.

VV.    The plural of any defined term includes the singular, and vice versa, as made necessary in context.

## III.  PROPOSED CLASS FOR SETTLEMENT PURPOSES

A.    Pursuant to Federal Rule of Civil Procedure 23(e), the Parties agree that Plaintiffs shall ask the Court to certify for settlement purposes only the following Settlement Class:

> All individuals in the United States for whom a credit score or credit attribute that differed from what it would have been absent the OMS Issue, according to the OMS Analysis, was reported by Equifax to a third party in connection with a Class Transaction.[1]

Equifax agrees that it shall not oppose the certification of this Settlement Class for purposes of the Settlement only, subject to the limitations set forth in this Agreement.

---

[1] Excluded from the Settlement Class are Equifax, its affiliates, employees, officers, directors, and the judge(s) assigned to this case.

12

B.      Class Plaintiffs, through Class Counsel, shall submit to the Court a motion for Preliminary Approval of this Agreement. Class Counsel will provide a copy of the proposed motion to Equifax reasonably in advance of the date of filing. The Parties shall take all reasonable actions as may be necessary to obtain Preliminary Approval of this Agreement. The Preliminary Approval Motion shall seek appointment of the following as counsel for the Settlement Class: Caplan Cobb LLC, DiCello Levitt LLP, Gibbs Mura LLP, and Girard Sharp LLP.

C.      The Preliminary Approval Motion will also seek an order from the Court determining, solely for the purposes of settlement, that the Court will likely be able to find that (i) the Class Plaintiffs and Class Counsel are adequate representatives of the Settlement Class; and (ii) the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3).

D.      In the event that the Settlement Agreement is not preliminarily or finally approved, is terminated, or the Effective Date does not occur, any certification of the Settlement Class shall be deemed vacated *nunc pro tunc*, the Action shall proceed as if the Settlement Class had never been certified, and no reference to the Settlement Class, this Settlement Agreement, or any other Settlement documents, shall be made for any purpose in the Action or in any other action or proceeding. For the avoidance of doubt, Equifax's agreement not to oppose certification for settlement purposes shall not be deemed an admission that

13

class certification is proper for litigation purposes, and in the event this Settlement does not become Final, Plaintiffs agree not to argue that this Agreement supports class certification for litigation purposes.

## IV.  BENEFITS TO SETTLEMENT CLASS

A.      Settlement Fund. Subject to the Final Approval of this Settlement Agreement, and in consideration of the release of the Released Claims, Equifax agrees to pay, on behalf of itself and the Released Parties, $100 million (the "Settlement Fund") in accordance with the terms of this Settlement Agreement. The Parties agree and acknowledge that none of the foregoing amounts paid by or on behalf of Equifax under this Agreement shall be deemed to be, in any way, a penalty or a fine of any kind, nor shall it be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Released Parties.

i.      This Settlement Fund shall be used to make the payments to Settlement Class Members set forth in Section IV.B below; any attorney's fees, expenses, and costs awarded by the Court; and Notice and Administrative Costs. In no case will Equifax's financial obligations under this Settlement Agreement exceed the Settlement Fund.

ii.　　Equifax shall pay $1,500,000 (one and one half million dollars) to the Class Account within ten (10) calendar days after the Preliminary Approval Date to fund the initial Notice and Administrative Costs.

iii.　　The balance of the Settlement Fund shall be paid by Equifax to the Settlement Administrator for deposit into the Class Account within ten (10) calendar days after the Effective Date.

B.　　Distribution Plan. Settlement Class Members who submit a Valid Claim Form will receive a pro rata share of the Net Settlement Distribution Amount. Within fourteen (14) calendar days after the Claim Deadline, the Settlement Administrator shall calculate the amount of each payment and notify Plaintiffs' Counsel and Equifax's Counsel of the dollar amount and total number of payments to be issued to the Settlement Class Members who submitted a Valid Claim Form.

C.　　There shall be no reversion to Equifax of any funds that Equifax pays to the Class Account.

D.　　The Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treas. Reg. § 1.468B-1, and to that end, the Parties shall cooperate with each other and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment. In addition, the Settlement Administrator shall timely make such elections as

15

necessary or advisable to carry out the provisions of this Section IV, including the relation-back election (as defined in Treas. Reg. § 1.468B-l(j)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing(s) to occur. All provisions of this Agreement shall be interpreted in a manner that is consistent with the Settlement Fund being a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. The Settlement Administrator shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k), (1)). Such returns shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Funds. Equifax shall not be responsible for the filing or payment of any taxes or expenses connected to the Settlement Fund.

E.    Allocation of the Settlement Fund. The Settlement Fund shall be allocated as follows:

i.    As authorized by Class Counsel, Notice and Administrative Costs shall be paid to the Settlement Administrator as and when incurred

16

from the amount deposited into the Class Account as provided in section IV.A.

    ii.    Within fourteen (14) calendar days after receiving the balance of the Settlement Fund as provided in Section IV.A.iii, the Settlement Administrator shall pay to Class Counsel reasonable attorneys' fees, expenses, and costs in the amount awarded by the Court.

    iii.    Within fourteen (14) calendar days after receiving the balance of the Settlement Fund as provided in Section IV.A.iii, the Settlement Administrator shall send a payment to each Settlement Class Member who submitted a Valid Claim Form.

    F.    <u>Methods of Payment</u>. Payments will be delivered to each Settlement Class Member who submitted a Valid Claim Form through an electronic payment method offered by the Settlement Administrator, provided that the Settlement Class Member provides the Settlement Administrator all the requisite information necessary to effectuate such payment. In the event payment cannot be made by an electronic payment method to any Settlement Class Member who submitted a Valid Claim Form, a payment card or check will be delivered to that Settlement Class Member via First Class United States Mail.

    G.    <u>Tax Consequences to Settlement Class Members</u>. Settlement Class Members shall be solely responsible for complying with any and all tax liabilities

and obligations which are or may become due or payable in connection with the Settlement. The Settlement Administrator shall provide each Settlement Class Member who receives a payment with a notice advising him or her to seek personal tax advice regarding any tax consequences of the Settlement Fund disbursement. The notice regarding the potential tax treatment to Settlement Class Members shall be included with each disbursement to Settlement Class Members. For the avoidance of doubt, none of Equifax, Equifax's Counsel, or Class Counsel have made, or are making in connection with the Settlement, any representations regarding possible tax consequences relating to the Settlement Fund disbursements to Settlement Class Members, and none of Equifax, Equifax's Counsel, or Class Counsel shall be held responsible for any such tax consequences.

## V.  NON-ADMISSION OF LIABILITY

A.    This Settlement Agreement is made for settlement purposes only, and neither the fact of, nor any specific provision contained in, this Settlement Agreement nor any action taken hereunder shall constitute, or be construed as, any admission of the validity of any claim or any fact alleged by the Class Plaintiffs or any other person of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Released Parties. Equifax denies that it has engaged in any wrongdoing or unlawful conduct as alleged in the First Amended Consolidated Complaint.

18

## VI.  RELEASE

A.     Upon the Effective Date, each and every Releasing Party, and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors in interest, assigns, and all persons acting for or on their behalf, shall hereby release, satisfy, and forever discharge all of the Released Parties from all of the Released Claims. The Class Plaintiffs and each Settlement Class Member understand and agree that this Agreement fully and finally releases and forever resolves the Released Claims, including such Released Claims that may be unknown, unanticipated, and/or unsuspected.

B.     Upon the Effective Date, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for a temporary restraining order or preliminary or permanent injunction (where otherwise appropriate) against, any action, suit, or other proceeding, which has been or may be instituted, prosecuted, continued to be prosecuted, or attempted, asserting any of the Released Claims.

C.     Class Plaintiffs and Class Counsel acknowledge that Equifax considers it to be a material term of this Settlement Agreement that the provisions of this Section VI and Section IV, among other paragraphs, will bind all members of the Settlement Class who have not opted out pursuant to the procedure set forth in Section XII.

19

D.    In addition to the provisions of this Section VI, the Releasing Parties hereby expressly waive and release, solely with respect to the Released Claims, upon Final Judgment, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Each Releasing Party may hereafter discover facts other than or different from those which they know or believe to be true with respect to the claims which are released pursuant to the provisions of Section VI, but each Releasing Party hereby expressly waives and fully, finally, and forever settles and releases, upon Final Judgment, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that the Releasing Parties have agreed to release pursuant to Section VI, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

## VII.  ATTORNEYS' FEES, EXPENSES, AND COSTS

A.     Class Counsel intends to file with the Court an application for attorneys' fees, costs, and expenses. Attorneys' fees were not negotiated as part of the Settlement. Equifax shall have no responsibility for, interest in, or any liability with respect to, the payment of attorneys' fees, costs, and expenses to Class Counsel or to any counsel representing any Settlement Class Member in any case consolidated in the Action. Equifax's sole obligation with respect to any attorneys' fees, costs, or expenses arising out of the Action shall be Equifax's payment into the Settlement Fund.

B.     Class Counsel's fee application is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of this Agreement. The outcome of any proceeding related to the amount of any fee award shall not terminate or affect the validity of this Agreement.

C.     Class Counsel shall have the authority to determine and make an allocation of attorneys' fees, costs, and expenses to any counsel representing any member of the Class who claims an entitlement to share in any fees or costs approved by the Court, including counsel involved in all cases consolidated in the Action. Any disputes regarding such allocation shall be resolved by the Court and shall not be considered a basis for withdrawal from the settlement.

## VIII.  AGREEMENT TO EFFECTUATE SETTLEMENT AND FACILITATE FINAL APPROVAL

A.       The Parties agree to cooperate and utilize their best efforts to effectuate the implementation of the Settlement and this Settlement Agreement, including providing any information to Counsel or the Settlement Administrator reasonably necessary to ensure compliance with and implementation of the Settlement and the terms of this Settlement Agreement. The Parties shall encourage the Court to approve the Settlement and this Settlement Agreement and shall not encourage persons included within the Settlement Class to object to the Court's approval of the Settlement and this Settlement Agreement or to opt out of the Class or to object to any portion hereof.

## IX.  PRELIMINARY APPROVAL

A.       Motion for Preliminary Approval. Class Counsel shall move the Court under Federal Rule of Civil Procedure 23(e)(1)(B) for a Preliminary Approval Order determining that the Court will likely be able to approve the Settlement Agreement under Federal Rule of Civil Procedure 23(e)(2), that the Court will be likely to certify the class for purposes of judgment on the Settlement Agreement, and that the Settlement Class Notice Program is the best notice practicable.

B.       Preliminary Approval Order. In connection with the motion for preliminary approval, the Class Plaintiffs will submit a Proposed Preliminary Approval Order to the Court in the form attached as Exhibit E. Equifax agrees not

to oppose entry of the Proposed Preliminary Approval Order in the form of Exhibit E.

## X.  CLASS NOTICE

A.    After Preliminary Approval, and subject to approval by the Court:

i.    The Settlement Administrator shall create the Settlement Website no later than twenty-eight (28) calendar days after the Preliminary Approval Date. The Settlement Website shall include (i) the Published Class Notice, which shall be substantially in the form attached hereto as Exhibit D; (ii) this Agreement; (iii) the Preliminary Approval Motion; (iv) the Preliminary Approval Order; (iv) an online version of the Claim Form substantially in the form attached hereto as Exhibit A; and (v) instructions on submitting a Claim. Not later than twenty-eight (28) calendar days after the Preliminary Approval Date, the Settlement Administrator shall establish a toll-free number for Settlement Class Members to call the Settlement Administrator with questions. The website and the toll-free number shall be maintained while the Settlement Administrator is administering the Settlement. The internet address of the website and the toll-free number shall be included in the Class Notice. The Settlement Administrator shall cause to be maintained a record of activities, including logs of inquiries to the internet website, downloads, phone calls, and/or mailings, and shall ensure

23

that a running tally is kept in a computerized database form of the number and types of materials mailed and emailed by it or downloaded from the internet website. The toll-free line shall be capable of providing (among other information) general information concerning deadlines for opting out or objecting to the Settlement, and the dates of relevant Court proceedings, including the Fairness Hearing.

ii.　　The Settlement Administrator shall prepare the Class Notice List in consultation with the Parties as follows:

a.　To permit the Settlement Administrator to prepare the Class Notice List, Equifax shall, no later than twenty-eight days (28) calendar days after the Preliminary Approval Date, provide the Settlement Administrator with a class list identifying all Settlement Class Members, including the most recent email and mailing addresses available in Equifax's records.

b.　The Settlement Administrator will utilize its best efforts to obtain a current email address for each individual on the Class Notice List for whom Equifax does not provide an email address using a commercial vendor to identify email addresses.

iii.　　No later than forty-two (42) calendar days after the Preliminary Approval Date, on the Notice Date, the Settlement Administrator shall send

24

the Emailed Class Notice to every individual on the Class Notice List for whom the Settlement Administrator has obtained an email address.

iv.    For any Settlement Class Member for whom the Settlement Administrator is unable to obtain a viable email address, the Settlement Administrator shall send the Mailed Class Notice via first-class USPS mail to the address provided on the Class Notice List. For any Settlement Class Member whose Emailed Class Notice is returned as undeliverable, the Settlement Administrator shall, within fourteen (14) days of the date on which the emailed notice was returned as undeliverable, send the Mailed Class Notice via first-class USPS.

v.    The Settlement Administrator shall send a Reminder Notice sixty (60) days after the Notice Date to all Settlement Class Members for whom the Settlement Administrator has not received a Claim Form by that date.

vi.    The address of the Settlement Administrator shall be used as the return address for the Mailed Class Notice. For any Mailed Class Notice that is returned by the USPS as undeliverable, the Settlement Administrator shall re-mail such notices to any updated address provided by the USPS. If the USPS does not provide an updated address, the Settlement Administrator shall utilize best efforts to attempt to obtain an updated address from one or

25

more commercial search firms or databases, and shall then re-mail the notices to any such updated address.

vii.    Equifax and the Settlement Administrator shall be responsible for ensuring proper CAFA Notice, and Equifax shall bear the expense of doing so, separate from the Settlement Fund. The Settlement Administrator shall mail the CAFA Notice within ten calendar days after Plaintiffs file the Motion for Preliminary Approval, via First Class United States Mail, postage prepaid. To facilitate this, Equifax shall prepare and provide a draft cover letter for the CAFA Notice to Lead Class Counsel and the Settlement Administrator five (5) calendar days before the deadline for mailing such CAFA Notice. The Settlement Administrator shall prepare the exhibits to the cover letter, and identify the required recipients of the CAFA Notice. On the day that it mails the CAFA Notice, the Settlement Administrator shall certify to Class Counsel and Equifax's Counsel that the CAFA Notice was mailed and to whom it was mailed. Within five (5) calendar days of the time the Settlement Administrator mails the CAFA Notice, Defendant shall file a certification with the Court that the CAFA Notice has been served and upon whom it has been served.

## XI.  CLAIMS PROCESS

A.      All Settlement Class Members seeking payment must submit a valid Claim Form on or before the Claim Deadline.

B.      Except as set out below, claims must be submitted electronically via the Settlement Website using the unique identifier and access code provided to each Settlement Class Member, and using the electronic form populated with the same information appearing in Exhibit A hereto.

C.      Settlement Class Members who have received the Mailed Class Notice may utilize the tear-off Claim Form, if recommended by the Settlement Administrator, attached to the Mailed Class Notice, and the Settlement Administrator shall accept any valid and timely submitted and completed Claim Forms from such individuals and approve all such Claims as Valid Claim Forms as further described in this section XI. Additionally, the Settlement Administrator shall make available a paper version of the Claim Form to any Settlement Class Member who requests such a Claim Form and validates their identity using the unique identifier and access code provided in connection with the Settlement Class Notice. Any mailed Claim Form must be postmarked by the Claim Deadline in order to be timely.

27

D.     The Settlement Administrator shall receive and process all Claim Forms to determine whether each constitutes a Valid Claim Form as follows:

i.     The Settlement Administrator shall disallow any Claim that is not timely submitted by the Claim Deadline, except when Class Counsel and Equifax's Counsel agree to approve the allowance of an untimely claim. With the written agreement of Class Counsel and Equifax's Counsel, the Settlement Administrator shall allow a Claim submitted after the Claim Deadline if allowance of such Claim will not materially delay distribution of payments to Settlement Class Members.

ii.     The Settlement Administrator shall disallow any Claim when the Claim Form is not completed in full.

iii.     The Settlement Administrator shall disallow any Claim if the person who submitted the Claim Form is not a Settlement Class Member.

iv.     The Settlement Administrator's determination regarding validity of a Claim Form is final.

E.     The Settlement Administrator shall provide regular reports to Class Counsel and Equifax's Counsel, no less frequently than every week,

setting forth (along with other information reasonably requested by Class

Counsel, Equifax's Counsel, or both) the status of the mailing and emailing

of the Settlement Class Notices, any re-mailing of Settlement Class Notices,

the submission and processing of Opt-Out Requests, the submission and

processing of Claims Forms, the distribution and redemption of payments to

Settlement Class Members, and other activities undertaken pursuant to this

Agreement. Within seven (7) calendar days after the Claim Deadline, the

Settlement Administrator shall prepare for filing a declaration of mailing in

connection with the Settlement Class Notice. The declaration will also

include a summary of the Claim Forms received and processed including the

number of Valid Claims, and an estimate of the anticipated payment per

Settlement Class Member, taking into account future anticipated costs of

settlement administration.

## XII.   OBJECTIONS AND OPT-OUT RIGHTS

A.     <u>Procedure for Objections to Settlement</u>. The Parties agree to the

following procedures for Objections to the Settlement:

i.     Any person seeking to object to the proposed Settlement or its

fairness, reasonableness, or adequacy must be a Settlement Class Member. A

person who has submitted an Opt-Out Request and is excluded from the

Settlement Class cannot object to the Settlement.

ii.     Any Settlement Class Member who wishes to object to the Settlement or any term of this Settlement Agreement must do so by filing a written objection with the Clerk of the Court and mailing and emailing the objection to Class Counsel and Equifax's Counsel at the addresses set forth in Section XV.

iii.    Any objection must be filed with the Clerk of the Court and received by Class Counsel and Equifax's Counsel by the Objection Deadline.

iv.     Any objection must:

a.      Identify the Settlement Class Member by name;

b.      Identify the Settlement Class Member's current street address and current e-mail address (if any);

c.      Attach copies of any materials that the Settlement Class Member contends support the objection or will be submitted by or on behalf of the objecting Settlement Class Member to the Court or presented at the Fairness Hearing;

d.      Be personally signed by the Settlement Class Member;

e.      If the Settlement Class Member is represented by counsel, provide such counsel's name, address, telephone number, and e-mail address; and

30

f.      Clearly state in detail the legal and factual ground(s) for the objection;

g.      Any objector wishing to be heard at the Final Approval Hearing must also file a notice of intent to appear with the Clerk of the Court no later than fourteen (14) calendar days before the Final Approval Hearing, and must provide both Class Counsel and Equifax's Counsel with copies of the notice of intent to appear.

v.      Any objection that fails to satisfy the requirements of this Section, or that is otherwise not properly or timely submitted, shall be deemed ineffective and waived.

B.      Procedure for Opting Out. The parties agree to the following procedure for Settlement Class Members who wish to opt out of the Settlement Class:

i.      A Settlement Class Member who wishes to opt out of the Settlement Class must do so by mailing a written Opt-Out Request requesting exclusion from the Settlement to the Settlement Administrator at the addresses set forth in the Settlement Class Notice.

ii.      Any Opt-Out Request must be postmarked by the Opt-Out Deadline.

iii.      The request must:

31

    a.       Identify the Settlement Class Member by name;

    b.       Identify the Settlement Class Member's current street address and current e-mail address (if any);

    c.       Be personally signed by the Settlement Class Member; and

    d.       If the Settlement Class Member is represented by counsel, provide such counsel's name, address, telephone number, and e-mail address.

iv.     A member of the Settlement Class may opt-out on an individual basis only. Attempts to opt out for more than one Settlement Class Member, including "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or by multiple class members where no personal statement has been signed by each and every individual Settlement Class Member, shall not be valid or effective.

v.     Any Opt-Out Request that fails to satisfy the requirements of this Section or that has not been properly or timely sent shall be ineffective. If an Opt-Out Request is deemed ineffective, the Settlement Class Member shall be deemed to have waived any right to opt out from the Settlement and shall be deemed a Settlement Class Member for all purposes under this Agreement.

C.      The instructions for objecting to or opting out of the Settlement shall be recited in the Settlement Class Notice.

D.      All Settlement Class Members will be bound by the terms of the Settlement Agreement upon the Effective Date, regardless of whether they file a Claim Form or receive any monetary payment from the Settlement, unless the Court has excluded them from the Settlement.

E.      Any member of the Settlement Class who properly opts out and whom the Court excludes from the Settlement Class shall not: (i) be bound by any orders or judgments entered in the Action or relating to the Settlement; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

F.      The Settlement Administrator shall provide Class Counsel and Equifax Counsel with the updated Opt-Out List as part of the monthly reporting requirements set forth in Section XI.D and shall provide the Parties with the final Opt-Out List within seven (7) calendar days after the Opt-Out Deadline.

## XIII.   FINAL APPROVAL AND FINAL JUDGMENT

A.      If the Court grants Preliminary Approval of this Settlement Agreement, Class Plaintiffs, through Class Counsel, shall, in accordance with the schedule set forth in the Court's Preliminary Approval Order, submit to the Court a separate motion for Final Approval of this Settlement Agreement. Plaintiffs

counsel shall provide to Equifax's Counsel for review and approval (which

approval shall not be unreasonably withheld) a copy of the draft Final Approval

Order no less than 5 business days before submitting it to the Court. The motion

for Final Approval shall seek entry of an order and Final Judgment that:

i.      Finally approves the Settlement as a fair, reasonable, and

adequate settlement for the Settlement Class within the meaning of Federal

Rule of Civil Procedure 23, and directs that the Settlement be implemented,

performed, and consummated in full pursuant to the terms and conditions set

forth in this Settlement Agreement;

ii.      Finds (1) that the Court has personal jurisdiction over the Class

Plaintiffs, Equifax, and all Settlement Class Members and (2) that the Court

has subject-matter jurisdiction to approve the Settlement and Settlement

Agreement;

iii.      Certifies the Settlement Class for purposes of the Settlement;

iv.      Finds that the Settlement Class Notice Program: (i) constituted

the best practicable notice under the circumstances; (ii) constituted notice

that was reasonably calculated under the circumstances to apprise the

Settlement Class of the pendency of the Action, of their rights to object to or

exclude themselves from the proposed Settlement, and of their right to

appear at the Fairness Hearing; (iii) constituted reasonable, due, adequate

34

and sufficient notice to all persons entitled to receive notice; and (iv) met all requirements of applicable law, including the Due Process Clause;

v.      Finds that Class Counsel and the Class Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

vi.      Dismisses the Action, including all cases consolidated therein (except for any plaintiff in any such case who properly opts out and whom the Court excludes from the Settlement Class), with prejudice;

vii.      Approves the Release by the Class Plaintiffs and Settlement Class Members of the Released Parties of and from all further liability to the Class Plaintiffs and Settlement Class Members with respect to the Released Claims (but not as to any obligations created or owed pursuant to this Settlement Agreement);

viii.      Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Settlement as finally approved;

ix.      Approves payment of Class Counsel's attorneys' fees, expenses, and costs, as determined by the Court;

35

x.     Reserves continuing and exclusive jurisdiction over the Settlement and Settlement Agreement for all purposes; and

xi.     Directs that the judgment of dismissal as to the Released Parties shall be final and appealable and entered forthwith.

B.     The Parties shall take all reasonable steps necessary to obtain Final Approval of the Settlement.

C.     If the Final Approval Order becomes Final, all Settlement Class Members who have not excluded themselves from the Settlement Class shall be bound by this Settlement Agreement.

## XIV.  WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT

A.     If the Final Approval Order is not entered by the Court or is reversed, modified, or vacated on appeal, any Party to this Agreement shall, within fourteen (14) calendar days after such event and upon written notice to opposing counsel, have the right to withdraw from the Settlement and terminate this Settlement Agreement. This provision shall not be triggered by any ruling or modification of any ruling that relates only to Class Counsel's attorney fees, costs or expenses.

B.     In the event of withdrawal by any Party in accordance with the terms set forth in this Section, the Settlement Agreement shall be null and void, shall have no further force and effect with respect to any Party in the Action, and shall not be offered in evidence or used in any litigation for any purpose, including the

36

existence, certification, or maintenance of any proposed or existing class or the amenability of these or similar claims to class treatment. In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to Equifax, Class Plaintiffs, and the Settlement Class Members, and shall not be deemed or construed to be an admission or confession in any way by any Party of any fact or proposition of law and shall not be used in any manner for any purpose, and the Parties to the Action shall stand in the same position as if this Settlement Agreement had not been negotiated, made, or filed with the Court.

## XV.  OTHER PROVISIONS

A.    <u>Notices</u>. All notices (other than the Settlement Class Notice and CAFA Notice, which are separately described above) under this Settlement Agreement shall be in writing. Each such notice shall be given by email and either by: (a) hand delivery; (b) registered or certified mail, return receipt requested, postage pre-paid; or (c) Federal Express or similar overnight courier.

      i.    All notices to the Settlement Class or Class Counsel shall be sent to:

> Caplan Cobb LLC
> Attn: Michael A. Caplan
> 75 Fourteenth Street
> Suite 2700
> Atlanta, Georgia 30309
> mcaplan@caplancobb.com

37

DiCello Levitt LLP
Attn: Amy Keller
Ten North Dearborn Street Sixth Floor
Chicago, Illinois 60602
akeller@dicellolevitt.com

Gibbs Mura LLP
Attn: David M. Berger
1111 Broadway
Suite 2100
Oakland, California 94607
dmb@classlawgroup.com

Girard Sharp LLP
Attn: Dena C. Sharp
601 California Street
Suite 1400
San Francisco, California 94108
dsharp@girardsharp.com

ii.    All notices to Equifax shall be sent to:

King & Spalding LLP
Attn: Zachary A. McEntyre
1180 Peachtree Street, NE
Suite 1600
Atlanta, Georgia 30309
zmcentyre@kslaw.com

Bondurant Mixson & Elmore LLP
Attn: Ben W. Thorpe
1201 West Peachtree Street NW
Suite 3900
Atlanta, Georgia 30309
bthorpe@bmelaw.com

38

iii.    The notice recipients and addresses designated above may be changed by written notice in the manner described in this provision.

B.    <u>Entire Agreement</u>. This Settlement Agreement represents the entire agreement by and among the Parties. No Party makes any representation or warranty upon which anyone can rely other than as set forth in this Settlement Agreement. This Settlement Agreement supersedes any prior discussions, agreements, or understandings among the Parties, as well as any and all prior drafts of this Settlement Agreement.

C.    <u>Amendment, Modification, Waiver</u>. This Settlement Agreement may be amended or modified only by a written instrument signed by all Parties. After the Final Approval Order of this Settlement Agreement becomes Final, any amendment to or modification of this Settlement Agreement will require Court approval. The waiver by any Party of any particular breach of this Settlement Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement. This Settlement Agreement does not waive or otherwise limit the Parties' rights and remedies for any breach of this Settlement Agreement.

D.    <u>No Third-Party Beneficiaries</u>. No provision of this Settlement Agreement shall provide any rights to, or be enforceable by, any person or entity

39

that is not a Party, Released Party, Class Plaintiff, Settlement Class Member, or Class Counsel.

E.    No Rescission on Grounds of Mistake. The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so. Therefore, the Parties will not seek to set aside any part of the Settlement Agreement on the grounds of mistake. Moreover, the Parties understand, agree, and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding any such difference in facts and shall not be subject to termination, modification, or rescission by reason of any such difference in facts. Even if such possible differences exist, Equifax and the Class Plaintiffs, on behalf of themselves and the Settlement Class Members, agree and acknowledge that this Settlement Agreement shall nevertheless remain fully binding and effective.

F.    Interpretation. For purposes of construing or interpreting this Settlement Agreement, the Parties agree that the Settlement Agreement has been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party. Any prior drafts may not be used to construe or interpret this

Settlement Agreement. The terms of this Settlement Agreement are contractual in nature and not mere recitals.

G.    Binding Effect. The terms of this Settlement Agreement are and shall be binding upon, and inure to the benefit of, each of the Parties and their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest, and successors, as well as upon all other persons claiming any interest in the subject matter of this Settlement Agreement by or through any of the Parties hereto including any Settlement Class Members who do not opt out following the procedure outlined in Section XII.B. Without limiting the generality of the foregoing, upon the Effective Date, each and every covenant and agreement herein by the Class Plaintiffs shall be binding upon all Settlement Class Members and Releasing Parties who have not validly excluded themselves from the Class.

H.    Choice of Law. All terms of this Settlement Agreement and the other documents contemplated herein shall be governed by and interpreted according to the substantive laws of the State of Georgia, without regard to its choice of law or conflict of laws principles.

I.    Headings. The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

J.      Integration of Exhibits. The exhibits to this Settlement Agreement are hereby incorporated and made a part of the Settlement Agreement.

K.      Sole Remedy. Upon the Effective Date, this Settlement Agreement shall provide the sole and exclusive remedy for any and all Released Claims by any Settlement Class Member against any Released Party.

L.      Calculating Dates under this Settlement Agreement. If the date for performance of any act required by or under this Settlement Agreement to be performed on a particular day or within a specified period of time falls on a Saturday, Sunday, or legal or Court holiday, such act may be performed upon the next business day which is not a Saturday, Sunday, or legal or Court holiday, with the same effect as if the act had been performed on the day or within the period of time specified by or under this Settlement Agreement.

M.      No Admission. Whether or not the Final Approval Order approving of this Settlement Agreement becomes Final or this Settlement Agreement is terminated, this Agreement and its contents, and any and all statements, negotiations, documents, and discussions associated with it, are not and shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Released Parties. Nothing in this Agreement shall affect the application of Federal Rule of Evidence 408 in any instance where it would otherwise apply.

N.      Dispute Resolution. The Parties agree to meet and confer in good faith in regard to any dispute relating to the Settlement or to administration of the Settlement prior to seeking relief from the Court. The Parties hereby submit to the exclusive jurisdiction of the Court for the purpose of any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of this Agreement.

O.      Voluntary Settlement. This Settlement Agreement was negotiated in good faith and at arms' length by the Parties, Class Counsel, and Equifax's Counsel and reflects a resolution that was reached voluntarily after consultation with competent counsel and the participation of a neutral mediator.

P.      Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute a single agreement. Facsimile or Electronic Mail signatures shall be considered as valid signatures as of the date hereof.

[SIGNATURES ON FOLLOWING PAGES]

43

IN WITNESS WHEREOF, and intending to be legally bound, the Parties hereto have caused this Settlement Agreement and release to be executed as of the date written below.

Dated: 7/31/_____, 2026

*Sarah Hunter*
Sarah Hunter

Dated: _____, 2026

_____
Maurice Moore

Dated: _____, 2026

_____
Michael Rodela

**CAPLAN COBB LLC**

Dated: _____, 2026   By:   _____
Michael A. Caplan

*Attorneys for Class Plaintiffs and Settlement Class Members*

**DICELLO LEVITT LLC**

Dated: _____, 2026   By:   _____
Amy Keller

*Attorneys for Class Plaintiffs and Settlement Class Members*

**GIBBS MURA LLP**

Dated: _____, 2026   By:   _____
David M. Berger

*Attorneys for Class Plaintiffs and Settlement Class Members*

44

IN WITNESS WHEREOF, and intending to be legally bound, the Parties hereto have caused this Settlement Agreement and release to be executed as of the date written below.

Dated: _____, 2026

_____
Sarah Hunter

Dated: 7/30_____, 2026

_____
Maurice Moore

Dated: _____, 2026

_____
Michael Rodela

**CAPLAN COBB LLC**

Dated: _____, 2026         By: _____
Michael A. Caplan

*Attorneys for Class Plaintiffs and Settlement Class Members*

**DICELLO LEVITT LLC**

Dated: _____, 2026         By: _____
Amy Keller

*Attorneys for Class Plaintiffs and Settlement Class Members*

**GIBBS MURA LLP**

Dated: _____, 2026         By: _____
David M. Berger

*Attorneys for Class Plaintiffs and Settlement Class Members*

IN WITNESS WHEREOF, and intending to be legally bound, the Parties hereto have caused this Settlement Agreement and release to be executed as of the date written below.

Dated: _____, 2026          _____
                                         Sarah Hunter

Dated: _____, 2026          _____
                                         Maurice Moore

Dated: 7/31/2026_____, 2026          _____
                                         Michael Rodela

                                         **CAPLAN COBB LLC**

Dated: _____, 2026    By:    _____
                                         Michael A. Caplan

                                         *Attorneys for Class Plaintiffs and Settlement Class Members*

                                         **DICELLO LEVITT LLC**

Dated: _____, 2026    By:    _____
                                         Amy Keller

                                         *Attorneys for Class Plaintiffs and Settlement Class Members*

                                         **GIBBS MURA LLP**

Dated: _____, 2026    By:    _____
                                         David M. Berger

                                         *Attorneys for Class Plaintiffs and Settlement Class Members*

Document Ref: 8SFQW-CVKND-KNLFF-DWDGJ

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
**8SFQW-CVKND-KNLFF-DWDGJ**

DOCUMENT COMPLETED BY ALL PARTIES ON
**01 AUG 2026 00:39:34**
**UTC**

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|
| **MICHAEL RODELA**<br><br>EMAIL<br>**MRMIKERODELA@GMAIL.COM** | SENT<br>**31 JUL 2026 00:27:43**<br><br>VIEWED<br>**31 JUL 2026 01:04:44**<br><br>SIGNED<br>**01 AUG 2026 00:39:34** | |

IP ADDRESS
**107.137.250.157**

LOCATION
**ALHAMBRA, UNITED STATES**

**RECIPIENT VERIFICATION**

EMAIL VERIFIED
**31 JUL 2026 01:04:44**



**Signed with PandaDoc**

PAGE 1 OF 1

IN WITNESS WHEREOF, and intending to be legally bound, the Parties hereto have caused this Settlement Agreement and release to be executed as of the date written below.

Dated: _____, 2026

_____
Sarah Hunter

Dated: _____, 2026

_____
Maurice Moore

Dated: _____, 2026

_____
Michael Rodela

**CAPLAN COBB LLC**

Dated: July 31 _____, 2026   By: _____
Michael A. Caplan

*Attorneys for Class Plaintiffs and Settlement Class Members*

**DICELLO LEVITT LLP**

Dated: July 31 _____, 2026   By: _____
Amy Keller

*Attorneys for Class Plaintiffs and Settlement Class Members*

**GIBBS MURA LLP**

Dated: _____, 2026   By: _____
David M. Berger

*Attorneys for Class Plaintiffs and Settlement Class Members*

44

IN WITNESS WHEREOF, and intending to be legally bound, the Parties hereto have caused this Settlement Agreement and release to be executed as of the date written below.

Dated: _____, 2026        _____
                                        Sarah Hunter

Dated: _____, 2026        _____
                                        Maurice Moore

Dated: _____, 2026        _____
                                        Michael Rodela

                                        **CAPLAN COBB LLC**

Dated: _____, 2026    By: _____
                                        Michael A. Caplan

                                        *Attorneys for Class Plaintiffs and Settlement Class Members*

                                        **DICELLO LEVITT LLC**

Dated: _____, 2026    By: _____
                                        Amy Keller

                                        *Attorneys for Class Plaintiffs and Settlement Class Members*

                                        **GIBBS MURA LLP**

Dated: __July 31_____, 2026    By: _____*David Berger*_____
                                        David M. Berger

                                        *Attorneys for Class Plaintiffs and Settlement Class Members*

Document Ref: QVLRH-5IBSG-VXHGB-VRVJS

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
**QVLRH-5IBSG-VXHGB-VRVJS**

DOCUMENT COMPLETED BY ALL PARTIES ON
**31 JUL 2026 22:09:36
UTC**

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|
| **DAVID BERGER**<br><br>EMAIL<br>**DMB@CLASSLAWGROUP.COM** | SENT<br>**31 JUL 2026 21:26:34**<br>VIEWED<br>**31 JUL 2026 22:08:56**<br>SIGNED<br>**31 JUL 2026 22:09:36** | *David Berger*<br><br>IP ADDRESS<br>**93.38.24.134**<br>LOCATION<br>**ROME, ITALY** |

**RECIPIENT VERIFICATION**

EMAIL VERIFIED
**31 JUL 2026 22:08:56**



**GIRARD SHARP LLP**

Dated: _____July 31_____, 2026    By: _____
                                        Dena C. Sharp

                                        *Attorneys for Class Plaintiffs and*
                                        *Settlement Class Members*

                                        **Equifax Information Services LLC**

Dated: _____, 2026    By: _____

                                  Its: _____


                                        **Equifax, Inc.**

Dated: _____, 2026    By: _____

                                  Its: _____

45

**GIRARD SHARP LLP**

Dated: _____, 2026    By: _____

Dena C. Sharp

*Attorneys for Class Plaintiffs and
Settlement Class Members*

**Equifax Information Services LLC**

Dated: _____July 31_____, 2026    By: _____Jennifer Burns_____

Its: _____Deputy General Counsel_____

**Equifax, Inc.**

Dated: _____July 31_____, 2026    By: _____Jennifer Burns_____

Its: _____Deputy General Counsel_____

# Exhibit A

United States District Court — Northern District of Georgia, Atlanta Division
*In re Equifax, Fair Credit Reporting Act Litigation*, Case No. 1:22-cv-3072-LMM-CCB

# Claim Form

*Complete and submit this form to receive a payment from the settlement.*

**How to file:** Submit online at [www.SettlementWebsite.com] using the Claim Number and PIN printed below, or complete this form and mail it to the Settlement Administrator at the address below. Your claim must be submitted online or postmarked by [Claim Deadline].

## 1. Your Information

Claim Number: EFX-[PRE-POPULATED]     PIN: [PRE-POPULATED]

Full Name

Email Address

## 2. How You Want to Be Paid

☐ Electronic payment (please provide payment details securely at [www.SettlementWebsite.com]).

☐ Prepaid card mailed to the address above (or the updated address you provide here):

Updated Address (if any)

## 3. Signature

I am the person identified above, and the address information I have provided is accurate. I believe that I was harmed and wish to recover.

Signature                                     Date

**Important Note**

For this Claim Form to be valid, you must complete it in full. Incomplete forms may not receive payment.

**Mail completed forms to:**
In re Equifax FCRA Litigation — Settlement Administrator
[Settlement Administrator Name], [P.O. Box / Street Address], [City, State ZIP]

# Exhibit B

# *Notice Authorized By a U.S. District Court of a Proposed Class Action Settlement*

| There is a proposed settlement of a class action lawsuit that is described at the listed website.<br><br>You may be entitled to money. | Equifax's records show that Equifax reported information about you to a third party between March 17 and April 8, 2022 that was affected by a coding issue on one of Equifax's servers. | If the settlement is approved and becomes final, you may obtain a payment by timely submitting a valid Claim Form by [Claim Deadline].<br><br>Learn more or submit a Claim at [www.SettlementWebsite.com]. |

## Important things to know:

- A proposed settlement of a class action has been reached in *In re Equifax Fair Credit Reporting Act Litigation* (No. 1:22-cv-3072-LMM-CCB).
- You are receiving this email because, according to Equifax's records, you are a member of the group of people affected, called the "Settlement Class.", which includes all individuals in the United States for whom a credit score or credit attribute that differed from what it would have been absent the OMS Issue, according to the OMS Analysis, was reported by Equifax to a third party in connection with a Class Transaction. This notice explains your rights and how to get more information.
- If you are a member of the Settlement Class, this settlement will affect your rights unless you ask the Court to exclude you from the settlement.
- If you file a claim, you may be entitled to a payment under the settlement.
- If you do nothing and the settlement is approved and becomes final, you will still be bound by the settlement and the judgment in the Action, and your legal rights will be affected.
- The Final Approval Hearing is set for [Hearing Date].
- If you are a Settlement Class Member, you may enter an appearance through an attorney if you desire and at your own expense. But you need not do so, and if you are a Settlement Class Member, you are represented by four law firms collectively called "Class Counsel."
- To learn more, including how to file a claim, visit [www.SettlementWebsite.com] or call [1-800-XXX-XXXX].

## What is the lawsuit about?

A proposed settlement has been reached in a class action lawsuit against Equifax Information Services, LLC and Equifax, Inc. ("Equifax"). The lawsuit claims that, because of a coding error in one of its computer systems, Equifax reported inaccurate credit information to lenders, insurers, and others between March 17 and April 8, 2022, in violation of the federal Fair Credit Reporting Act. Equifax denies that it violated the law and that the Settlement Class Members would be entitled to any recovery if the case proceeded to trial. The settlement is a compromise to end the lawsuit — it does not decide who is right.

## What does the settlement provide?

Equifax has agreed to pay **$100,000,000** into a Settlement Fund. After Court-approved attorneys' fees, expenses, and notice and administration costs are paid, the rest will be divided among Settlement Class Members who submit valid claims. Each Settlement Class Member who submits a valid claim will be sent an equal (pro rata) share, so the exact amount of any payment depends on how many people claim.

## Your options

**Option 1: Submit a Claim Form** that is timely and valid to get a payment if the settlement is approved and becomes final. Claims can be submitted at [www.SettlementWebsite.com]. Claims must be submitted online or postmarked by [Claim Deadline].

**Option 2: Opt out** by [Opt-Out Deadline] to get no payment but keep the right to sue Equifax about these issues. The Court will exclude from the Settlement Class any Settlement Class Member who validly and timely requests exclusion. The procedures for timely and validly requesting exclusion are described at [LINK]. If you are excluded from the settlement, you may not object to the settlement and you will not obtain a payment from the settlement.

**Option 3: Object** by [Objection Deadline] to tell the Court why you disagree with the settlement. You may still submit a claim. The procedures for timely and validly objecting are described at [LINK].

**Option 4: Do nothing** and get no payment. If you do nothing and the settlement is approved and becomes final, you will still be bound by the settlement and judgment in this action and give up the right to sue Equifax about these issues.

Settlement Class Members who submit claim forms and Settlement Class Members who do nothing will be bound by the settlement and judgment in the action if the settlement is approved and becomes final.

---

For complete information or to file a claim, visit
**[www.SettlementWebsite.com]**
or call [1-800-XXX-XXXX]. Please do not contact Equifax or the Court.

# Exhibit C

United States District Court — Northern District of Georgia, Atlanta Division
*In re Equifax, Fair Credit Reporting Act Litigation*, Case No. 1:22-cv-3072-LMM-CCB

# Legal Notice of Proposed Class Action Settlement
***A federal court authorized this notice. This is not a solicitation from a lawyer.***

**In re Equifax FCRA Litigation**
c/o [Settlement Administrator]
[P.O. Box / Address]
[City, State ZIP]

Claim Number: EFX-[#########]
PIN: [########]

<<Mail ID>>
<<Name>>
<<Address Line 1>>
<<City, State ZIP>>

[QR CODE]

Scan to learn more

| | | |
|---|---|---|
| **There is a proposed settlement of a class action lawsuit that is described at the listed website.**<br><br>**You may be entitled to money** | **Equifax's records show that Equifax reported information about you to a third party between March 17 and April 8, 2022 that was affected by a coding issue on one of Equifax's servers.** | **If the settlement is approved and becomes final, you may obtain a payment by timely submitting a valid Claim Form by [Claim Deadline].**<br><br>**Learn more or submit a Claim at [www.SettlementWebsite.com].** |

**Key things to know:**

- This is an important legal document. You are not being sued, and this is not a solicitation from a lawyer. A federal court overseeing a class action lawsuit against Equifax has approved the sending of this notice to you. You may be entitled to payment if the settlement is approved and becomes final.

- You are receiving this notice because, according to Equifax's records, you are a member of the group of people affected, called the "Settlement Class," which includes all individuals in the United States for whom a credit score or credit attribute that differed from what it would have been absent the coding Issue, according to specific records, was reported by Equifax to a third party in connection with a Class Transaction.  The website provides further details.

- If this settlement is approved and becomes final and you are a Settlement Class Member, you will be bound by the settlement and judgment in the Action.

- To receive a payment, you must submit a valid Claim Form by [Claim Deadline]. A Claim Form is attached to this notice.

- If you do nothing, and the settlement is approved and becomes final, you will be bound by the settlement and judgment in the Action and you will release your claims against Equifax arising out of or relating to the coding issue.

- To keep the right to sue separately, you must ask the Court to exclude you from the settlement by [Opt-Out Deadline]. The Court will exclude any Settlement Class Member who makes a valid exclusion request.  The website explains how to request exclusion.

- Settlement Class Members may object to the settlement by [Objection Deadline]. The website explains how to object.

- The Final Approval Hearing is set for [Hearing Date].

- If you are a Settlement Class Member, you may enter an appearance in the case through an attorney if you desire at your own expense. But you need not do so, and if you are a Settlement Class Member, you are represented by four law firms collectively called "Class Counsel."

- For complete information, visit [www.SettlementWebsite.com], call [1-800-XXX-XXXX], or scan the QR code below. Do not contact Equifax or the Court.

United States District Court — Northern District of Georgia, Atlanta Division
*In re Equifax Fair Credit Reporting Act Litigation*, Case No. 1:22-cv-3072-LMM-CCB

# Claim Form
**Complete and submit this form to receive a payment from the settlement.**

**How to file:** Submit online at [www.SettlementWebsite.com] using the Claim Number and PIN printed below, or complete this form and mail it to the Settlement Administrator at the address below. Your claim must be submitted online or postmarked by [Claim Deadline].

## 1. Your Information

Claim Number: EFX-[PRE-POPULATED]    PIN: [PRE-POPULATED]

Full Name

Email Address

## 2. How You Want to Be Paid

☐ Electronic payment (please provide payment details securely at [www.SettlementWebsite.com]).

☐ Prepaid card mailed to the address above (or the updated address you provide here):

Updated Address (if any)

## 3. Signature

I am the person identified above, and the address information I have provided is accurate. I believe that I was harmed and wish to recover.

Signature                                    Date

**Important Note**

For this Claim Form to be valid, you must complete it in full. Incomplete forms may not receive payment.

**Mail completed forms to:**
In re Equifax FCRA Litigation — Settlement Administrator
[Settlement Administrator Name], [P.O. Box / Street Address], [City, State ZIP]

# Exhibit D

United States District Court, Northern District of Georgia
*In re Equifax Fair Credit Reporting Act Litigation*
Case No. 1:22-cv-3072-LMM-CCB

# Class Action Notice

*Notice authorized by a U.S. District Court of a*
*Proposed Class Action Settlement*

| | | |
|---|---|---|
| There is a proposed settlement of a class action lawsuit that is described at the listed website. **You may be entitled to money from the settlement.** | Equifax's records show that Equifax reported information about you to a third party between March 17 and April 8, 2022 that was affected by a coding issue on one of Equifax's servers. | If the settlement is approved and becomes final, you may obtain a payment by timely submitting a valid Claim Form by [Claim Deadline]. Learn more or submit a Claim Form at [www.SettlementWebsite.com]. |

**Important things to know:**

- A proposed settlement of a class action has been reached in *In re Equifax Fair Credit Reporting Act Litigation* (No 1:22-cv-3072-LMM-CCB).
- The Court has preliminarily approved the settlement and approved this notice.
- This is *not* a solicitation from a lawyer.
- On [DATE], the Court will hold a hearing to consider whether to grant final approval of the Settlement.
- If you are a member of the Settlement Class identified below and the Settlement becomes final and effective, then the settlement will affect your rights unless you ask the Court to exclude you from the settlement.
- If you file a timely and valid claim, you will be entitled to a payment.
- If you do nothing, you will still be bound by the settlement and the judgment in the Action, and your legal rights will be affected.
- If you are a Settlement Class Member, you may enter an appearance through an attorney if you desire. But you need not do so and if you are a Settlement Class Member, you are represented by four law firms collectively called "Class Counsel."
- You can learn more at [www.SettlementWebsite.com].

# Table of Contents

[TO BE ADDED]

# About This Notice

## Why did I get this notice?

This notice tells you about the proposed settlement of a class action lawsuit, *In re Equifax Fair Credit Reporting Act Litigation*, brought on behalf of people whose credit scores and attributes were affected by a coding error and reported by Equifax to lenders and others in the spring of 2022. The Court has preliminarily approved the proposed settlement and approved this notice. Specific details about the lawsuit are below.

If you received an email or a mailed notice, then you received that notice because, according to Equifax's records, you are a member of the group of people affected, called the "Settlement Class." Judge Leigh Martin May of the United States District Court for the Northern District of Georgia is overseeing this case and ordered that notice be provided to members of the Settlement Class.

This notice summarizes the proposed settlement, explains the rights Settlement Class Members have, and helps you make an informed decision about what to do.

## What do I do next?

Read this notice to understand the proposed settlement and to understand why you may be a Settlement Class Member. Then decide which option is right for you if you are a Settlement Class Member:

| Options | More information about each option for Settlement Class Members |
|---|---|
| **Submit a Claim Form** | You must submit a claim to receive payment. If you submit a valid and timely claim, you will receive a payment and you will be bound by the settlement and judgment in this action, if the settlement becomes final and effective. That means you will give up all claims against Equifax relating to the coding issue. |
| **Do Nothing** | If you do nothing, you will not receive a payment, but you will still be bound by the settlement and judgment in this action, if the settlement becomes final and effective. That means you will give up all claims against Equifax relating to the coding issue. |

| Options | More information about each option for Settlement Class Members |
|---|---|
| **Opt Out** | Ask the Court to exclude you from the Settlement. If you are excluded from the Settlement, you will get no payment and you will keep the right to bring your own individual lawsuit against Equifax about the coding issue. |
| **Object** | Tell the Court why you object to the proposed settlement. If you object, you may still submit a Claim Form. You may not object if you opt out. |

Read on to understand the specifics of the settlement and what each choice would mean for you if you are a Settlement Class Member.

## What are the most important dates?

**Your deadline to object or opt out:** [Objection/Opt-Out Deadline]
**Final approval hearing:** [Hearing Date]
**Your deadline to submit a Claim Form:** [Claim Deadline]

## What is a class action?

In a class action, the named plaintiffs act as "class representatives" and sue on behalf of themselves and other people who allegedly have similar claims. This group of people with similar claims is called the "class," and the people in the class are called "class members."

## Who is in the class?

This is the definition of the Settlement Class:

**All individuals in the United States for whom a credit score or credit attribute that differed from what it would have been absent the OMS Issue, according to the OMS Analysis, was reported by Equifax to a third party in connection with a Class Transaction. The term "OMS Issue" means a computer coding issue that Equifax experienced between March 17, 2022 and April 8, 2022. And the term "Class Transaction" is a Transaction that Equifax has identified in the OMS Analysis.**

Excluded from the Class are Equifax, its affiliates, employees, officers, directors, and the judge(s) assigned to this case.

## Do I have a lawyer in this lawsuit?

In a class action, the Court appoints lawyers to represent the interests of all Class members. These lawyers are called "Class Counsel." The Court has appointed the following firms to represent the Settlement Class here:

**Girard Sharp LLP**

601 California Street, Suite 1400, San Francisco, CA 94108

**Gibbs Mura LLP**

1111 Broadway, Suite 2100, Oakland, CA 94607

**DiCello Levitt LLP**

Ten North Dearborn Street, Sixth Floor, Chicago, IL 60602

**Caplan Cobb LLC**

75 Fourteenth Street NE, Suite 2700, Atlanta, GA 30309

If the Court approves their fees, these lawyers will be paid from the Settlement Fund and you will not be charged anything else for the work of these lawyers. You do not need another lawyer. However, you may enter an appearance in the case through your own lawyer if you so desire, but you will need to hire them at your own expense.

## Do I have to pay the lawyers in this lawsuit?

If Class Counsel's fees and costs are approved by the Court, they will be paid from the Settlement Fund. You will not have any other obligation to pay Class Counsel.

To date, Class Counsel have not been paid for their work or reimbursed for expenses. They will ask the Court to award attorneys' fees of up to one-third of the Settlement Fund ($33,333,333), plus reimbursement of litigation expenses of up to $500,000. Fees and expenses will be awarded only if the Court finds them fair and reasonable. You have the right to object to the fees even if you think the settlement is fair.

# Learning About the Lawsuit

## What is this lawsuit about?

The people who sued — the "Plaintiffs" — allege that during three weeks in March and April 2022, Equifax provided inaccurate credit information about millions of Americans applying for loans, insurance, or services from other businesses that use credit information. The lawsuit claims that Equifax reported information that was affected by a coding error in one of its computer systems.

Plaintiffs allege that Equifax's conduct violated the federal Fair Credit Reporting Act, which requires credit reporting agencies to follow reasonable procedures to ensure the maximum possible accuracy of the information they report.

Equifax denies that it did anything wrong and that it violated the law

### Where can I learn more?

You can get the complete settlement agreement and other key documents at [www.SettlementWebsite.com].

## Why is there a settlement?

In 2026, after almost four years of extensive litigation, the parties agreed to settle. Both sides want to avoid the risk, expense, and delay of further litigation, including trial and appeals.

Equifax denies that it violated the law. The settlement is a compromise of disputed claims.

The Court has not decided which side is right. But the Court has preliminarily approved the parties' agreement to settle the case, subject to final approval as described below.

### What is a class action settlement?

A class action settlement is an agreement to resolve and end a "class action" — a case brought on behalf of a large number people. Settlements can provide money to class members without anyone admitting they did anything wrong.

## What happens next in this lawsuit?

The Court will hold a Fairness Hearing (sometimes called a Final Approval Hearing) to decide whether to grant final approval of the settlement. Because a class action settlement decides the rights of all Settlement Class members, the Court must give final approval before the settlement can become effective and payments can be made. The hearing is set for [Hearing Date and Time] at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 75 Ted Turner Drive SW, Atlanta, GA 30303.

You do not have to attend, but you may at your own expense. You may also ask the Court for permission to speak about the settlement. The hearing may be moved or held remotely without further notice, so check [www.SettlementWebsite.com] for updates.

# Learning About the Settlement

## What does the settlement provide?

Equifax has agreed to pay $100,000,000 into a non-reversionary Settlement Fund if the settlement becomes final and effective. After Court-approved costs are paid — including settlement administration costs and attorneys' fees and expenses — the rest of the Fund will be distributed to Settlement Class members who submit timely and valid claims. Settlement Class Members who remain in the Settlement Class (those who do not opt out, as discussed in this notice) will "release" their claims, which means they cannot sue Equifax over the issues in this lawsuit. The full release is in the Settlement Agreement, available at [www.SettlementWebsite.com].

## How do I know if I am part of this settlement?

You are a Settlement Class Member if you are an individual in the United States for whom a credit score or credit attribute that differed from what it would have been absent the OMS Issue, according to the OMS Analysis, was reported by Equifax to a third party in connection with a Class Transaction.[1] If you received an email or mail notice, then according to Equifax's records, you fall within this group.

## How much will my payment be?

---

[1] Excluded from the Settlement Class are Equifax, its affiliates, employees, officers, directors, and the judge(s) assigned to this case.

Every Class member who submits a valid and timely Claim Form will receive an equal (pro rata) share of the Net Distribution Amount — the money that remains after Court-approved fees, expenses, and costs for notice and administration are paid. Because each payment depends on how many valid claims are submitted, the exact amount is not yet known. Based on typical claims rates in similar cases, Plaintiffs currently estimate payments at approximately between $95 and $280, but the actual amount may be higher or lower.

# Deciding What to Do

## How do I weigh my options?

You have the following options: You can submit a claim, opt out, object, or do nothing. This chart shows the effect of each option:

| | If You Submit a Claim | If You Opt Out | If You Object | If You Do Nothing |
|---|---|---|---|---|
| Can I receive settlement money? | YES | NO | YES (if you also file a claim) | NO |
| Am I bound by the settlement if it becomes final and effective? | YES | NO | YES | YES |
| Can I pursue my own case? | NO | YES (Class Counsel will not represent you) | NO | NO |

# Submitting a Claim

## How do I get a payment if I am a Settlement Class Member?

To receive money, you must timely submit a completed Claim Form. You can submit a claim online at [www.SettlementWebsite.com] or download a Claim Form there and mail it to the Settlement Administrator at the following address: [Address]. Your Claim Form must be submitted online or postmarked by [Claim Deadline].

# Opting Out

## What if I don't want to be part of this settlement?

You can opt out . If you comply with the specific opt out requirements below, and the Court excludes you from the Settlement Class, then you will not receive a payment and cannot object to the settlement. But you will not be bound by anything that happens in this lawsuit, and you keep the right to bring your own case against Equifax about these issues. Please be aware that if you want to file your own lawsuit, the law often requires lawsuits be filed within a certain time period.

## How do I opt out?

To opt out, mail a signed request for exclusion to the Settlement Administrator, postmarked by [Opt-Out Deadline] at the address below, or submit it online at [www.SettlementWebsite.com].

Your request must include your full name, address, email address, the case name ("*In re Equifax Fair Credit Reporting Act Litigation*, No. 1:22-cv-3072-LMM-CCB"), a statement that you want to be excluded, and your signature. If you are represented by a lawyer, you must also provide that lawyer's name, address, telephone number, and e-mail address.

To opt out, you must mail a written opt-out request yourself following these instructions. No third-party or company can complete an opt out for you.

**In re Equifax FCRA Litigation — Settlement Administrator**
[Settlement Administrator Name]
[P.O. Box / Street Address]
[City, State ZIP]
[Email]   |   [Toll-Free Phone]

# Objecting

## What if I disagree with the settlement?

If you disagree with any part of the proposed settlement (including the requested attorneys' fees) but do not want to opt out, you may object. The Court can only approve or reject the settlement — it cannot change the terms. You may, but need not, hire your own lawyer. To object, you must submit a written objection that:

1. is filed with the Court or postmarked by [Objection Deadline];
2. includes the case name and number (*In re Equifax Fair Credit Reporting Act Litigation*, No. 1:22-cv-3072-LMM-CCB);
3. includes your full name, address, and email address (if any);
4. states the reasons for your objection and attaches any supporting documents;
5. if you are represented by a lawyer, provide that lawyer's name, address, telephone number, and e-mail address;
6. is personally signed by you.

Mail your objection to the Court and to the Settlement Administrator at the addresses in Key Resources.

# Doing Nothing

## What are the consequences of doing nothing?

If you do nothing and the settlement is approved and becomes final and effective, then you will not get a payment, but you will still be bound by the judgment, settlement, and release. That means you will not be able to start, continue, or be part of any other lawsuit against Equifax about the coding issue. A full description of the released claims is in the Settlement Agreement at [www.SettlementWebsite.com].

# Key Resources

## How do I get more information?

This notice is only a summary. The complete Settlement Agreement and other key documents are available at [www.SettlementWebsite.com]. You may also contact the Settlement Administrator or Class Counsel using the information below. Please do not contact Equifax or the Court for information.

| Resource | Contact Information |
|---|---|
| **Case Website** | [www.SettlementWebsite.com] |
| **Settlement Administrator** | [Settlement Administrator Name]<br>[Address]<br>[Email] | [Toll-Free Phone] |
| **Class Counsel** | Girard Sharp LLP • Gibbs Mura LLP • DiCello Levitt LLP • Caplan Cobb LLC |
| **Court (DO NOT CONTACT)** | Chief Judge Leigh Martin May<br>U.S. District Court, Northern District of Georgia<br>75 Ted Turner Drive SW, Atlanta, GA 30303 |

# Exhibit E

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE: EQUIFAX FAIR CREDIT REPORTING ACT LITIGATION** | CIVIL ACTION NO.: 1:22-CV-3072 LMM |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION**
**FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement of the above-captioned case between Plaintiffs Sarah Hunter, Maurice Moore, and Michael Rodela and Defendants Equifax Information Services LLC and Equifax, Inc. (collectively, "Equifax") (the "Action"), as set forth in the Parties' Settlement Agreement.

Having duly considered the filings made in connection with the Motion,

**THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1. The Court finds that it has jurisdiction over the Action, each of the Parties, and all Settlement Class Members for purposes of considering and, if finally approved, effectuating the Settlement.

2. Unless otherwise defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

1

3.     Defendants do not oppose the Court's entry of the proposed Preliminary Approval Order.

4.     This Court has considered all of the presentations and submissions related to the Motion and, having presided over and managed this Action, is familiar with the facts, contentions, claims, and defenses as they have developed in these proceedings.

**Likelihood of Certification of the Settlement Class**

5.     Pursuant to Rule 23(e)(1)(B)(ii), and for purposes of settlement only, the Court finds that it will likely be able to certify the Settlement Class under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. The Settlement Class is defined as: "All individuals in the United States for whom a credit score or credit attribute that differed from what it would have been absent the OMS Issue, according to the OMS Analysis, was reported by Equifax to a third party in connection with a Class Transaction." Excluded from the Settlement Class are the following persons: Equifax, its affiliates, employees, officers, directors, and the judge(s) assigned to this case.

6.     The Court finds that, for purposes of settlement only, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have likely been satisfied in that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class

2

action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Plaintiffs are typical of the claims of the Settlement Class; (d) the Class Plaintiffs and their counsel have fairly and adequately represented and protected the interests of Settlement Class Members; (e) the questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court notes that the fact that it is being asked to certify a settlement class, rather than a litigation class, eliminates any manageability concerns that might otherwise arise in connection with a trial of Plaintiffs' claims. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

## Likelihood of Approval of the Class Settlement

7.     The Court has preliminarily evaluated the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness. As part of that evaluation, the Court notes that the Parties reached the Settlement through arm's-length negotiations. Based on the Court's evaluation, the Court finds under Rule 23(e)(1)(B)(i) that it is likely to approve the Settlement in light of the fact that: (A) the class representatives and class counsel have adequately represented the class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of

3

trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; (iii) the terms of the proposed award of attorney's fees, including timing of payment; and (iv) the lack of additional agreements identified under Rule 23(e)(3); and (D) the Settlement treats Settlement Class Members equitably relative to each other. Moreover, the Court has preliminarily evaluated the Settlement under the additional factors for consideration enumerated in *Bennett v. Behring Corp.* and finds that it is likely to approve the Settlement under the *Bennett* factors as well. *See generally* 737 F.2d 982, 986 (11th Cir. 1984).

8.    Based on the above findings, the Court concludes that it will likely be able to approve the Settlement as fair, reasonable, and adequate and that providing notice of the Settlement to the Settlement Class consistent with the notice plan set forth in the Agreement is warranted.

9.    A Fairness Hearing shall be held before this Court on **[DATE]**, at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, to make a final determination of whether the proposed Settlement of the Action is fair, reasonable, and adequate and should be approved by the Court; to determine whether the Settlement Class should be certified; to determine whether a Final Approval Order and Final Judgment approving the Settlement should be entered; to

4

determine whether the plan for distribution of claims should be approved; to determine any amount of attorneys' fees, costs, and expenses that should be awarded to Class Counsel; to hear any objections by Settlement Class Members to the Settlement, claims process, or award of attorneys' fees and costs to Class Counsel; and to consider such other matters as the Court may deem appropriate.

10.    The Fairness Hearing may be continued by order of the Court without further notice to the Settlement Class except that the Parties shall update the Settlement Website to reflect the date of the hearing. After the Fairness Hearing, the Court may enter a Final Approval Order in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members (as defined in the Settlement) with respect to the claims being settled.

11.    Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints for settlement purposes only Verita Global ("Settlement Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth in the Agreement. The Settlement Administrator shall establish a post office box, email address, and the Settlement Website in the name of the Settlement Administrator, to be used for receiving Opt-Out Requests, Claim Forms, and any other communications from Settlement Class Members. The Settlement Website shall be made publicly available no later than 28 days after the entry of this Order.

5

**Notice to Class Members**

12.     Under Rule 23(c)(2)(B), the Court finds that the content, format, and method of disseminating notice under the Settlement Class Notice Program, as set forth in the Motion and the Settlement Agreement, is (i) the best notice practicable under the circumstances; (ii) reasonably calculated to apprise the Settlement Class of their right to object to or exclude themselves from the Settlement; and (iii) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, satisfying the requirements of Rule 23 and the Due Process Clause of the United States Constitution. The Court approves such notice and hereby directs that such notice be disseminated no later than 42 calendar days following the entry of this Order (the "Notice Date"), in the manner set forth in the proposed Agreement.

13.     The Court approves the form of the Emailed Class Notice, Mailed Class Notice, Published Class Notice, and Claim Form. The Court expressly authorizes and instructs the Settlement Administrator to send the Reminder Notice, as provided in the Agreement, 60 days after the Notice Date to Settlement Class Members who have not submitted a Claim Form.

14.     The Settlement Administrator shall send the CAFA Notice required by 28 U.S.C. § 1715 to the appropriate federal and state officials as identified in 28 U.S.C. § 1715(a) within 10 calendar days after the Motion for Preliminary Approval is filed with the Court.

6

15.     Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline, which are both 60 calendar days after the Notice Date. Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both an Opt-Out Request and an Objection, they will be deemed to have requested to opt out and not to have objected.

16.     Settlement Class Members who wish to receive a payment from the Settlement must submit a valid Claim Form to the Settlement Administrator by the Claim Deadline, which is 90 calendar days after the Notice Date.

17.     To submit an Opt-Out Request, a Settlement Class Member must mail a compliant, written Opt-Out Request to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out Deadline. In the Opt-Out Request, the Settlement Class Member must provide: (i) the Settlement Class Member's full name; (ii) current street address; (iii) email address (if any); (iv) a clear statement that the Settlement Class Member wishes to be excluded from the Settlement Class; and (v) the Settlement Class Member's personal signature. If the Settlement Class Member is represented by counsel, the Opt-Out Request must also identify counsel's name, address, telephone number, and email address. Requests for exclusion must be exercised individually by the Settlement Class

7

Member; no mass or class opt-outs shall be permitted. No person may exclude any other Settlement Class Member from the Settlement Class.

18. If a timely and valid Opt-Out Request is made by a member of the Settlement Class, then the Court will exclude that person from the Settlement and that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person.

19. All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement will be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

20. To object to the Settlement, a Settlement Class Member must file a written objection with the Court and serve it on Class Counsel and Defendants' Counsel by the Objection Deadline. The written objection must: (i) identify the Settlement Class Member by name; (ii) identify the Settlement Class Member's current street address and current e-mail address (if any); (iii) attach copies of any materials that the Settlement Class Member contends support the objection or will be submitted by or on behalf of the objecting Settlement Class Member to the Court or presented at the Fairness Hearing; (iv) be personally signed by the Settlement Class Member; (v) if the Settlement Class Member is represented by

8

counsel, provide such counsel's name, address, telephone number, and e-mail address; and (vi) clearly state in detail the legal and factual ground(s) for the objection. The foregoing requirements are set to permit a fair assessment of the objection. Any Settlement Class Member who objects and wishes to be heard at the Final Approval Hearing must also file a notice of intent to appear with the Clerk of the Court no later than fourteen (14) calendar days before the Final Approval Hearing, and must provide both Class Counsel and Equifax's Counsel with copies of the notice of intent to appear.

21.    Any Settlement Class Member who fails to timely raise an objection to the Settlement or who fails to otherwise comply with the requirements for objections set forth herein and in Section XII.A of the Agreement shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

22.    Any attorney hired by or appearing on behalf of a Settlement Class Member for the purpose of objecting to the proposed Settlement and/or who intends to make an appearance at the Fairness Hearing shall file with the Clerk of Court a notice of intention to appear no later than 14 calendar days before the Fairness Hearing, and serve a copy thereof upon Class Counsel and Defendants' Counsel.

9

23.     Any response to an objection shall be filed with the Court no later than 14 calendar days prior to the Fairness Hearing.

24.     All Settlement Class Members are preliminarily enjoined from: (i) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitral, or other proceeding in any jurisdiction based on the Released Claims; (ii) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitral, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; or (iii) attempting to effect opt-outs of a class of individuals in any lawsuit or administrative, regulatory, arbitral, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims. Notwithstanding the foregoing, nothing in this Order prevents members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

25.     Class Counsel shall file their Motion for an Award of Attorneys' Fees, Costs, and Expenses at least 21 calendar days prior to the Objection Deadline.

26.    The Settlement Administrator shall provide the final Opt-Out List to Class Counsel and Defendants' Counsel no later than 7 days after the Opt-Out Deadline. Class Counsel shall file the Opt-Out List with an affidavit or declaration attesting to the completeness and accuracy thereof no later than 5 days thereafter. If the Settlement is ultimately approved, the Court will enter an order identifying the final and effective Opt-Outs and excluding those individuals from the Settlement Class.

27.    Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

28.    If the Court grants final approval of the Settlement, all Settlement Class Members who have not been excluded from the Settlement Class shall be bound by all provisions of the Settlement Agreement and all rulings and judgments in the Action, including, but not limited to the Settlement Agreement, the distribution plan in the Settlement Agreement, and any Final Order and Judgment dismissing the Action with prejudice, and the Released Claims of all Settlement Class Members shall be barred on the date of the Final Order and Judgment as defined in the Settlement Agreement.

11

29.    If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendants or the Class Plaintiffs to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court. In such an event, the Parties will return to the status quo ante in the Action.

30.    The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Defendants, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and any Final Approval Order.

31.    Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Settlement Class.

12

13

32.     Accordingly, the following are the deadlines by which certain events must occur:

13

| Event | Deadline |
| --- | --- |
| CAFA Notice mailed to federal and state officials | 10 calendar days after the Motion for Preliminary Approval is filed |
| Settlement Website publicly available | 28 days after entry of Preliminary Approval Order |
| Class Notice mailed or emailed (the "Notice Date") | 42 days after entry of Preliminary Approval Order |
| Last day for Class Counsel to file Motion for Attorneys' Fees, Costs, and Expenses | 21 days prior to Objection Deadline (i.e., 39 days after the Notice Date) |
| Reminder Notice sent to Settlement Class Members who have not submitted a Claim Form | 60 days after the Notice Date |
| Last day for Settlement Class Members to object to or opt out of the Settlement (Objection Deadline / Opt-Out Deadline) | 60 calendar days after the Notice Date |
| Settlement Administrator provides final Opt-Out List to counsel | 7 days after the Opt-Out Deadline |
| Opt-Out List filed with the Court | 5 days after receipt of the Opt-Out List from the Settlement Administrator |
| Last day for Settlement Class Members to submit a Claim Form (Claim Deadline) | 90 calendar days after the Notice Date |
| Notice of intention to appear filed by objecting counsel | 14 calendar days before the Fairness Hearing |
| Responses to objections filed | 14 calendar days before the Fairness Hearing |
| Fairness Hearing | [DATE] (at least 150 days after entry of Preliminary Approval Order) |

14

32.     The Court shall maintain continuing jurisdiction over these proceedings for the benefit of the Settlement Class defined in this Order.

**IT IS SO ORDERED**

this _____ day of _____, 2026.

_____

Hon. Leigh Martin May
United States District Court Judge